

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2000

# United States v. DeLaurentis

Precedential or Non-Precedential:

Docket 00-5121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. DeLaurentis" (2000). *2000 Decisions.* Paper 228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 24, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-5121

UNITED STATES OF AMERICA
        Appellant

v.

JAMES V. DeLAURENTIS

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Criminal No. 99-431)
District Court Judge: Honorable Stephen M. Orlofsky

Argued: June 30, 2000

Before: ALITO and McKEE, Circuit Judges,
and FULLAM Senior District Judge.*

(Opinion Filed: October 24, 2000)

        George S. Leone, Esq.
        Chief, Appeals Division
        U.S. Attorney's Office
        970 Broad Street
        Newark, NJ 07102-2535

Counsel for the Appellant

_____
* The Hon. John P. Fullam, Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

        Louis M. Barbone, Esq. (Argued)
        Jacobs & Barbone, P.A.
        1125 Pacific Avenue
        Atlantic City, NJ 08401

        Counsel for the Appellee

OPINION OF THE COURT

FULLAM, District Judge:

The government appeals from the district court's pretrial dismissal of two counts of an indictment. We have jurisdiction pursuant to 18 U.S.C. S3731, and the scope of review is plenary.

The two dismissed counts charged the defendant James V. DeLaurentis, the Supervisor of Detectives for the Hammonton Police Department, in Hammonton, New Jersey, with violations of 18 U.S.C. S666 (theft or bribery involving programs receiving federal funds). The dismissal was based upon the district court's conclusion that the government's evidence did not suffice to show a nexus between the alleged bribes and any federal interest or program, under the standards set forth in this court's recent decision in United States v. Zwick, 199 F.3d 672 (3d Cir. 1999). We conclude that the order appealed from must be reversed, for both procedural and substantive reasons.

We address first the procedural issue. Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. See United States v. Knox, 396 U.S. 77, 83 n.7 (1969), United States v. Gallagher, 602 F.2d 1139, 1142 (3d Cir. 1979) cert. dismissed, 441 U.S. 1040, and cert. denied, 444 U.S. 1043 (1980); United States v. King, 581 F.2d 800, 802 (10th Cir. 1978). Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's

2

charges. See United States v. Sampson, 371 U.S. 75, 78-79 (1962).

In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.

We recognize that the district court may have adopted the novel procedure followed here in order to preserve the government's right of appeal, but that result could readily have been achieved by a post-verdict ruling under Rule 29. Be that as it may, we simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be. The charges set forth in the two dismissed counts substantially track the language of the statute; the indictment is sufficient on its face. Indeed, the defendant did not, and does not now, challenge the dismissed counts as facially insufficient. The case must therefore be remanded to the district court for trial on all counts.

In addition to the procedural error discussed above, it is our view that the district judge mis-applied the substantive law, as clarified in the Zwick case, supra. On this issue, we labor under the same handicap as the district court, namely, the fact that there has not yet been a trial, hence no actual assessment of the government's evidence can be made. In the interest of providing guidance to the district court for the future conduct of the trial, however, we consider it appropriate to register our firm conclusion that, if the government's evidence is to the same effect as the parties and the district court have thus far assumed it will be, it would suffice to permit a jury to convict the defendant of violating 18 U.S.C. S666.

The statute criminalizes bribery committed by "an agent . . . of a State, local, or Indian tribal government, or any agency thereof . . . in connection with any business, transaction, or series of transactions of such . . .

3

government[,] or agency involving anything of value of $5,000 or more . . . ," but only if

> the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. S666.

It is undisputed that the defendant was, at all relevant times, the Supervisor of Detectives in the Hammonton New Jersey Police Department, and was thus an agent of a local government or agency. It is also undisputed that the town of Hammonton was the recipient of federal funds, amounting to at least $25,000 per year for a three-year period. A literal reading of the statute would suggest that, if the defendant solicited or accepted bribes to influence or reward him in the performance of his police duties, he would be subject to punishment under the statute. But, as this court decided in United States v. Zwick, supra, and as other courts have also determined, e.g. United States v. Phillips, 219 F.3d 404 (5th Cir. 2000), the literal language of the statute must be considered in conjunction with the concepts of federalism embodied in our Constitution. For a conviction under S666, therefore, the evidence must show some connection between the defendant's bribery activities and the funds supplied by the federal government, or the programs supported by those federal funds.

In United States v. Zwick, supra, this court undertook an exhaustive review of the judicial decisions which have addressed the somewhat elusive definition of the required nexus. That discussion need not be repeated here. We concluded that, although it is not necessary to show that the bribery activities of the defendant actually impacted the federal funds themselves, or had a direct bearing on the expenditure of those funds, it must appear that there is some connection between the bribery activities and a federal interest. In the Zwick case itself, the federal funds consisted of a small disaster relief fund which was used for snow-removal and flood-control. The bribery occurred in connection with developers being granted sewer access

4

permits and landscaping contracts which, so far as the evidence disclosed, were totally unrelated to the federal grant or the activities funded by the federal grant. The court set aside the conviction, but remanded for a new trial to afford the government an opportunity to attempt to show such a connection. (The trial judge had ruled that no such connection need be shown).

In the present case, the defendant was the Supervisor of Detectives, and among his other duties he was assigned to assist the New Jersey Division of Alcoholic Beverage Control in the enforcement of the state alcoholic beverage laws, under the supervision of the chief of police, who was the defendant's father. The federal funds were received from the Department of Justice under the Community Oriented Policing Services Program ("COPS Fast"), and were used by the Hammonton Police Department to pay the salary of an additional police officer (who happened to be the defendant's brother) for street patrol duties.

The indictment charges that the defendant accepted bribes for interceding with the town council to permit renewal of the license of a particular bar which had been the focus of much police activity because of fighting, drug sales, disorderly conduct, underage drinking, public drunkenness, public urination, public lewdness, etc.

The evidence outlined by the government would permit a rational jury to conclude that the defendant's successful intercession enabled this problem establishment to remain open, necessitating a disproportionate allocation of police manpower, to the detriment of street patrol activities elsewhere in the town. Indeed, the official records submitted by the government purport to show that, on several occasions, the very same officer whose salary is being paid with federal funds was dispatched to this problem bar to quell disturbances or make arrests.

Thus, this case differs markedly from the Zwick situation. It more nearly resembles Salinas v. United States, 522 U.S. 52 (1997). In that case, the federal government provided funds for physical improvements to a state prison, and paid a per diem fee for each federal prisoner housed there. A corrections officer accepted bribes to permit a federal

5

prisoner to have conjugal visits. The Supreme Court had no difficulty in concluding that the defendant was properly convicted under S666.

When it supplied the town of Hammonton with $75,000 to strengthen its police patrols, the federal government had a legitimate interest in discouraging police corruption affecting the patrol activities it was financing. There is no Constitutional impediment to applying S666 in this case.

The district court's order dismissing Counts Two and Six of the indictment is vacated, and this case is remanded for trial on all counts of the indictment.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit