

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# USA v. Guishard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Guishard" (2006). *2006 Decisions.* Paper 1772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2129

UNITED STATES OF AMERICA

v.

MONTCLAIRE GUISHARD,
                                   Appellant

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Criminal No. 03-cr-00060
(Honorable Thomas K. Moore)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2005

Before:  SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed January 10, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Three issues are presented on appeal: (1) whether the District Court abused its

discretion when it permitted certain out-of-court statements into evidence, (2) whether the

District Court committed plain error in sentencing, and (3) whether the District Court

correctly denied the defense motion for judgment of acquittal. We will affirm the conviction, but will remand the case for resentencing under *United States v. Davis.* 407 F.3d 162, 164 (3d Cir. 2005) (en banc).

I.

Because we write only for the benefit of the parties, our summary of the facts will be abbreviated. Guishard is a conservation enforcement officer with the Division of the Environmental Enforcement in the Department of Planning and Natural Resources in St. Thomas. During routine marine patrol, on January 13, 2002, Guishard and another law enforcement official executed a legitimate arrest when they stopped a boat and seized at least 36 kilograms of cocaine and about 20 pounds of marijuana. During the intervention, a second suspect—identified by his abandoned wallet as Clifford Potter—swam away uncaptured.

Craig Hendricks, Potter's associate, was concurrently under investigation by the FBI for suspected drug dealing. On March 3, 2002, the FBI interviewed Guishard about his relationship with Hendricks, and in the interview Guishard made what the jury later found to be several misstatements. Hendricks was arrested in April 2003, and, once in custody, he admitted bribing Guishard prior to March 3 to misidentify Potter if Potter returned to St. Thomas. Hendricks described paying Guishard $5,000 on a promised $20,000 bribe. The FBI arranged for Hendricks to call Guishard and to set up payment of

2

the remaining $15,000.  The FBI prepared a sting, and immediately arrested Guishard

after he picked up the money.

Guishard was indicted on four counts:  (1) conspiracy to possess with intent to

distribute narcotics, 21 U.S.C. § 846, (2) bribery concerning programs receiving federal

funds, 18 U.S.C. § 666(a)(1)(B), (3) false statement, 18 U.S.C. § 1001, and (4) misprision

of felony, 18 U.S.C. § 4.  A jury found him guilty on all counts, and he was sentenced to

concurrent terms on April 14, 2004:  235 months on count one, 120 months on count two,

60 months on count three, and 36 months on court four.  The court based the conspiracy

term on the 36 kilograms of cocaine recovered in January 2002.

Guishard timely filed his notice of appeal.  He appeals under 18 U.S.C. §

3742(a)(1)–(2), contending his sentence was imposed in violation of law or as a result of

an incorrect application of the sentencing guidelines.  The appeal focuses on an

evidentiary ruling, on sentencing issues, and on the denial of his motion for judgment of

acquittal.  We will address each in turn.

We have appellate jurisdiction under 28 U.S.C. § 1291.

## II.

Guishard contends the District Court erred in granting the government's in limine

motion to admit Hendricks's out-of-court statements.

We review a trial judge's evidentiary ruling for abuse of discretion.  *United States

v. Johnson*, 388 F.3d 96, 100 (3d Cir. 2004).  We exercises plenary review over a judge's

3

interpretation of the Federal Rules of Evidence. *United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001). We review the admission of the consensually recorded phone call under a plain error standard, because this objection was not preserved at trial. *United States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir.).

An FBI agent testified to Hendricks's statements made immediately after his April 5, 2003, arrest, where Hendricks told the agents about the bribery scheme in which he owed $15,000 to Guishard. The District Court also admitted the recording of Hendricks's April 6, 2003, telephone call, in which Hendricks set up the controlled drop of the remaining bribe money.

There is no Federal Rule of Evidence hearsay bar to admission of this evidence, because it was not offered for its truth. The District Court limited the evidence to three uses: to explain why the FBI prompted and recorded the phone call, to explain why the FBI set up the sting operation, and to corroborate Guishard's statements about the bribery scheme.[1] The judge gave this limiting instruction at the time the evidence was offered.

The Confrontation Clause is also no bar to admission of this evidence. A testimonial hearsay statement cannot be used at trial unless there has been an opportunity

---

[1]Even if the evidence were offered for its truth, the District Court did not abuse its discretion in determining, alternatively, that the evidence fits the statement against interest exception to the rule. Fed. R. Evid. 804(b)(3). Hendricks was not available to the government at trial because of his intention to invoke his Fifth Amendment right against compelled self-incrimination, and Hendricks's statements subjected him to criminal punishment.

for the defendant to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). The agent's evidence is testimonial because Hendricks was in a police interrogation at all relevant times.[2] But the District Court instructed the jury that the testimony explained only the subsequent conduct of the agents, and was not offered for its truth. Accordingly, it is not hearsay and there is no Sixth Amendment violation. *See id.* at 59 n.9 (noting the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted").

The District Court did not abuse its discretion when it admitted out-of-court statements not offered for their truth.

III.

When the District Court sentenced Guishard, it treated the Federal Sentencing Guidelines as mandatory.[3] We cannot ascertain whether the District Court would have applied a greater or lesser sentence under an advisory framework. *United States v. Davis*,

---

[2]This applies to the agent's testimony (relating Hendricks's statements) only. Statements in the recorded phone call—the other admitted evidence to which Guishard objects—are likely not testimonial. *Crawford v. Washington*, 541 U.S. 36, 58 (2004) (excluding "admitted statements made unwittingly to [an FBI] informant" from the description of testimonial hearsay) (citing *Bourjaily v. United States*, 483 U.S. 171, 181-84 (1987)); *United States v. Hendricks*, 395 F.3d 173, 183-84 (3d Cir. 2005) (admitting confidential informant's half of a surreptitiously recorded phone call because it put into context the nontestimonial statements of his co-conspirator).

[3]We note the Sentencing Guidelines are not mandatory and are "effectively advisory." *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Guishard has submitted a separate letter brief citing *Booker* issues, contending, for example, that the District Court enhanced his sentence on a finding of obstruction of justice without presenting the issue to the jury. The government has not filed a response.

407 F.3d 162, 164 (3d Cir. 2005) (en banc).  Under a plain error standard, prejudice is presumed when the District Court has treated the Guidelines as mandatory.  *Id.* at 164-65.  We will accordingly remand for resentencing.

Sentencing issues that arise in light of *Booker* are better managed by the District Court in the first instance.  *Id.* at 165-66.  On remand, we leave it to the District Court to decide anew Guishard's other sentencing issue now on appeal:  what drug quantity is attributable to Guishard.

IV.

Guishard next objects to the District Court's denial of his Rule 29 motion for a judgment of acquittal.  We review sufficiency of the evidence in the light most favorable to the government following a jury verdict in its favor, and we determine whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*"  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This "particularly deferential standard of review" places a "very heavy burden" on appellant.  *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1990).

Guishard contends the government failed to prove beyond a reasonable doubt at least one of the elements of each of the four offenses.

First, as to conspiracy to possess with intent to distribute narcotics, 21 U.S.C. § 846, the government must prove defendant entered into an agreement and knew the agreement's specific unlawful purpose.  *United States v. Thomas*, 114 F.3d 403, 405 (3d

Cir. 1997). Guishard contends the government (1) failed to prove he entered into an agreement on or before January 13, 2003, to possess with intent to distribute cocaine, (2) failed to prove he alone or with others took steps to possess and distribute cocaine, and (3) failed to prove he agreed with others to advance the overall purpose of the conspiracy, because, he argues, "the fact that he thought Craig Hendricks being a drug runner, but had no facts to base said thought, is insufficient to support the conviction for conspiracy." Appellant's Br. at 53.

We cannot agree. As to (1), the date that he joined the conspiracy is immaterial, because upon joining an ongoing conspiracy, Guishard became responsible for all prior acts in furtherance thereof. *E.g.*, *United States v. Blackmon*, 839 F.2d 900, 908-09 (2d Cir. 1988) ("[A]s to liability for conspiracy, a defendant may be legally responsible for acts of coconspirators prior to that defendant's entry into the conspiracy . . . ."). Accordingly, as to (2), Guishard can be convicted based on the full amount of the recovered drugs, because the government proved Guishard had knowledge of the drug trafficking and that he intended to help a co-conspirator elude capture for smuggling those drugs. *See United States v. Cartwright*, 359 F.3d 281, 288 (3d Cir. 2004) (requiring proof the defendant had "knowledge of a drug distribution" to support a conviction for conspiracy to distribute cocaine). As for (3), the government presented sufficient evidence to prove Guishard had facts to support his belief that Hendricks was a drug

7

runner.  A rational juror could conclude Guishard—in accepting Hendricks's bribe—intended to protect a co-conspirator from capture for drug smuggling.

In sum, the government demonstrated Guishard accepted the bribe knowing full well he was covering up the identity of a drug smuggler.  The evidence was substantial, and the District Court did not err.

Second, Guishard contends the government failed to prove the presence of a federal interest in connection with this bribe, under 18 U.S.C. § 666(a)(1)(B).  Guishard misstates the law.  In a § 666(a)(1)(B) case, the Supreme Court recently held there was no need to prove a connection between a case-specific federal interest—or, more narrowly, federal funds—and the bribe itself.  *Sabri v. United States,* 541 U.S. 600, 604-07 (2004) (overturning *United States v. Zwick*, 199 F.3d 672 (3d Cir. 1999) and instead adopting the Eighth Circuit's approach).  The conviction therefore stands.[4]

---

[4]This is not to say the government nevertheless failed to prove the presence of a federal interest connected with a bribe.  The Division of Environmental Enforcement, for which Guishard works, received a $350,000 grant, plus a boat and safety grant, the year before Guishard accepted the bribe.  These monies helped fund Guishard's office, the responsibilities of which include routine marine patrol and enforcing environmental law and water safety measures for coastal boaters.  In the course of his duties supported by federal funding, Guishard executed a legitimate arrest for the possession of the cocaine.  Guishard then accepted a bribe, the purpose of which was to influence him deliberately to fail to discharge his federally supported duties.  This implicates a sufficient federal interest—amounting to "some connection between the defendant's bribery activities and the funds supplied by the federal government, or the program supported by those federal funds."  *United States v. Delaurentis*, 230 F.3d 659, 661-62 (3d Cir. 2000).

Third, as to false statement, 18 U.S.C. § 1001, the government had to prove Guishard's March 3, 2003, statements were material either to the government's two-year investigation into the unlawful activities of Craig Hendricks or to any investigation the agents intended to undertake of Guishard or others. To prove materiality, the government must demonstrate the false statements had the natural tendency to influence or were capable of influencing the investigator to whom the statements were directed. *See United States v. Gaudin*, 515 U.S. 506, 509 (1995). The FBI agent who questioned Guishard, Agent Lasky, relied on the good faith of a fellow law enforcement official to reveal all information he knew. *See United States v. Brown*, 303 F.3d 582, 601 (5th Cir. 2002) (finding material a lie that defendant, a state insurance commissioner, made to the FBI "to distance himself" from an ongoing investigation). When Agent Lasky realized Guishard was lying, the agent had to switch the interview's focus. A rational juror could find beyond a reasonable doubt Hendricks's lies influenced the ongoing investigation.

Fourth and finally, as to misprision of felony, 18 U.S.C. § 4, the government must show (1) the principal committed and completed an alleged felony, (2) the defendant had full knowledge of that fact, (3) the defendant failed to notify authorities, and (4) the defendant took steps to conceal the crime. *United States v. Gebbie*, 294 F.3d 540, 544 (3d Cir. 2002). Guishard had actual knowledge of Potter's importation and possession of narcotics with intent to distribute, and he failed to report it. He also intentionally failed to report the bribery scheme the perpetrators designed to avoid prosecution and his receipt of

bribe money. The government proved this at trial with substantial evidence, sufficient to convince a rational trier of fact beyond a reasonable doubt.

We hold the District Court properly denied Guishard's motion for judgment of acquittal.

V.

For the reasons set forth, we will affirm the judgment of conviction. We will remand the case for resentencing under *Booker*. *Davis*, 407 F.3d at 164.