NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3629
_____

UNITED STATES OF AMERICA

v.

LUIS ANTONIO DUTTON-MYRIE,
ALSO KNOWN AS SAM MORRIS

Luis Antonio Dutton-Myrie,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 3-07-cr-00445-001
District Judge: The Honorable A. Richard Caputo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2012

Before: SMITH, and FISHER, *Circuit Judges*
and STEARNS, *District Judge**

(Filed: May 18, 2012)

_____

OPINION
_____

* The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

SMITH, *Circuit Judge.*

An indictment filed in the United States District Court for the Middle District of Pennsylvania charged Luis Antonio Dutton-Myrie, a native and citizen of Panama, with illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Dutton-Myrie filed a motion to dismiss the indictment, contending that the underlying deportation order was invalid under 8 U.S.C. § 1326(d). The District Court appropriately recognized that a motion to dismiss an indictment is "not 'a permissible vehicle for addressing the sufficiency of the government's evidence.'" *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000)). It treated Dutton-Myrie's submission as a motion under Federal Rule of Criminal Procedure 12(b)(2) that it could "determine without a trial of the general issue." After the Court denied the motion, Dutton-Myrie entered a conditional guilty plea, preserving his right to challenge the District Court's ruling that his deportation order did not satisfy the criteria in § 1326(d). The Court sentenced Dutton-Myrie to, *inter alia*, time served. This timely appeal followed.[1]

Before us, Dutton-Myrie contends that the District Court erred because he demonstrated that his deportation order was invalid under § 1326(d). We exercise plenary review over the District Court's determination. *United States v. Charleswell*, 456 F.3d 347, 351 (3d Cir. 2006). Under § 1326(d), an alien may avoid conviction for

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

unlawful reentry if he "demonstrates that (1) [he] exhausted any administrative remedies that may have been available to seek relief against the [deportation] order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The District Court determined that Dutton-Myrie satisfied the first two criteria, but that he failed to show that the deportation order was fundamentally unfair.

In its analysis of § 1326(d)(3), the District Court recognized that in *United States v. Torres*, 383 F.3d 92, 103 (3d Cir. 2004), we instructed that the question of fundamental fairness presents a question of "whether the alien was denied due process." The District Court concluded that Dutton-Myrie had not been deprived of his right to due process in the context of the deportation proceeding as he had "effective notice of the charges against him and an opportunity to be heard." In addition, the District Court properly noted that an alien challenging the fairness of a removal proceeding must demonstrate that he was prejudiced by the procedural defect. *Charleswell*, 456 F.3d at 358 (holding explicitly "that prejudice is a necessary component under [§] 1326(d)"). Dutton-Myrie, the Court concluded, failed to make the requisite showing of prejudice.

Dutton-Myrie asserts that the District Court erred by concluding he could not demonstrate prejudice as a result of the procedural errors in his removal proceeding. We are not persuaded by his arguments. Even if Dutton-Myrie had pursued an appeal with the Board of Immigration Appeals, that decision would not have altered the fact that

3

Dutton-Myrie was removable by virtue of the fact that he had overstayed his visa. *See* 8 U.S.C. § 1227(a)(1)(B). Although he submits that he could have sought discretionary relief under former § 212(c), Dutton-Myrie did not have that avenue of relief open to him because he was not a lawful permanent resident. *See* 8 U.S.C. § 1182, 1996 Amendments, Subsec. (c). Furthermore, as the District Court correctly noted, Dutton-Myrie's conviction for possession with intent to deliver cocaine under Pennsylvania law constituted an aggravated felony that also rendered him subject to removal. 8 U.S.C. §§ 1101(a)(43)(B) and 1227(a)(2)(A)(iii); *see also Garcia v. Attorney Gen.*, 462 F.3d 287, 293 (3d Cir. 2006) (concluding that a Pennsylvania conviction for possession of a controlled substance with intent to distribute qualified as an aggravated felony).

Accordingly, we will affirm.