**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**KEISHA WHYTE, Defendant**

Case No. SX-13-CR-026

Superior Court of the Virgin Islands

Division of St. Croix

January 22, 2015

HEATHER M. BAKER, ESQ., Virgin Islands Department of Justice, Christiansted, St. Croix, USVI, *Attorney for the People.*

PAMELA L. COLON, ESQ., Law Offices of Pamela Lynn Colon, LLC, Christiansted, St. Croix, USVI, *Attorney for Defendant.*

MOLLOY, *Judge*

## MEMORANDUM OPINION

(January 22, 2015)

**BEFORE THE COURT** are the following motions filed by Defendant Keisha Whyte ("Defendant" or "Whyte"): 1) Motion to Dismiss With Prejudice for Insufficiency; 2) Motion to Dismiss an Unconstitutional Penal Statute; and 3) Motion for a Bill of Particulars. The Court held a hearing on these motions on September 26, 2014. For the reasons stated below, the Court will deny the motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In what appears to be the first criminal prosecution in the Virgin Islands commenced under 14 V.I.C. § 667, the People of the Virgin Islands (the "People") filed a single-count Information against Whyte charging her with the crime of "Sexual Relations with a Detainee." The Information alleges that Whyte engaged in sexual relations with an individual named Joh Williams, who was a person in the custody of a detention facility named the Golden Grove Adult Correctional Facility ("GGACF"), between the dates of November 12, 2012 and January 15, 2013.

According to the affidavit supporting probable cause for the arrest and the filing of the Information charging Whyte, Warden Basil Richards stated that in the early morning hours on January 15, 2013, the Gang Intelligence Search Team at the GGACF performed a random search of the cell of inmate Joh Williams. During the search, the officers confiscated a cell phone from Mr. Williams. A search of the phone revealed a video of Whyte, who at the time was employed as a corrections officer,

allegedly engaging in a sexual act with Joh Williams. Based upon further investigation, Warden Richards determined that the cell phone was purchased on September 12, 2012, by an identified individual. Whyte was subsequently arrested and charged with having sexual relations with a detainee in violation of 14 V.I.C. § 667(a).

On July 25, 2013, Whyte moved to dismiss the charge arguing that the Information was insufficient and because the statute was unconstitutionally vague. In the alternative, Whyte also moved for a bill of particulars. On September 26, 2014, the Court held a hearing at which all three of Whyte's motions were addressed.

## II. DISCUSSION

Whyte first argues that the charge should be dismissed because the Information is insufficient and does not charge a criminal offense. Second, Whyte argues that the charge should be dismissed because the statute is vague and fails to put her on notice of what she must be prepared to defend. Finally, Whyte argues, in the alternative, that if the Court finds that the Information is sufficient and the statute is not vague, she is entitled to a bill of particulars. Each of these arguments is addressed below.

### A. The Information is Sufficient to Charge the Offense

Pursuant to the Revised Organic Act of 1954, offenses against the laws of the Virgin Islands are prosecuted in the Superior Court by information. 48 U.S.C. § 1561 ("all offenses against the laws of the Virgin Islands which are prosecuted in the district court . . . or in the courts established by local law shall continue to be prosecuted by information . . ."). Under Federal Rules of Criminal Procedure 7(c), an information need only contain "a plain, concise and definite written statement of the essential facts constituting the offense charged" and "shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." FED. R. CRIM. P. 7(c). Consistent with the requirements set forth in Rule 7(c), the Third Circuit Court of Appeals stated that to sufficiently allege an offense, a charging document must: (1) contain the elements of the offense intended to be charged; (2) sufficiently apprise the defendant of what she must be prepared to meet; and (3) allow the defendant to show with accuracy to what extent she may plead a

100

former acquittal in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (citing *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)); *see also Gov't of the Virgin Islands v. Moolenaar*, 133 F.3d 246, 248, 39 V.I. 457 (3d Cir. 1998) (applying the above test to charging documents alleging offenses against the Virgin Islands). Although "[a]n [information] must allege more than just the essential elements of the offense", *Vitillo*, 490 F.3d at 321, " '[n]o greater specificity than the statutory language is required so long as there is sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)).

■ "To determine whether an [information] 'contains the elements of the offense intended to be charged,' [the Court] may look for more than a mere 'recitation in general terms of the essential elements of the offense.' " *United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2002) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)). The Court must find that the "charging document fails to state an offense, as a matter of statutory interpretation." *Id*. However, "detailed allegations are unnecessary." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

■ ■ In this matter, the People charged Whyte with committing a violation of 14 V.I.C. § 667(a), which states:

> Any person who, when, being an employee working at a prison or detention facility, a contractor or employee of a contractor at a prison or detention facility, or a volunteer at a prison or detention facility, engages in consensual sexual relations with a person who is in the custody of a detention facility, is guilty of the crime of sexual relations with a detainee and shall be imprisoned not more than 10 years. This does not include any act done for a bona fide medical purpose or an internal search conducted in the lawful performance of an employee's duties.

14 V.I.C. § 667(a). The Information charging Whyte with a violation of section 667(a) alleges that on or about between November 12, 2012 and January 15, 2013, Whyte, being an employee of the GGACF, unlawfully engaged in sexual relations with Joh Williams, a detainee in said detention facility. The Information alleges that: (1) Whyte was a corrections officer

101

and an employee of the GGACF; (2) the GGACF is a detention facility; (3) Whyte unlawfully engaged in sexual relations with Joh Williams, a person who is in the custody of GGACF; and (4) the prohibited conduct occurred between November 12, 2012 and January 15, 2013. Thus, the Information identifies Whyte's employment status, that she was employed at a detention facility, and that she engaged in unlawful sexual relations with an individual who was in the custody of that detention facility. Furthermore, the Information identifies the time period when the alleged criminal activity occurred, i.e. November 12, 2012 and January 15, 2013. "[A] defendant has sufficient notice to guard against a future prosecution in violation of the protection against double jeopardy if an [information] specifies the time frame for the criminal conduct." *United States v. John-Baptiste*, 747 F.3d 186, 196, 60 V.I. 904 (3d Cir. 2014). Accordingly, the Court finds that the Information contains the elements of the charged offense and sufficiently apprises Whyte of what she must be prepared to defend.

██ Whyte argues that the Information is insufficient because: (1) Joh Williams was not a detainee, but an inmate; (2) the place at which the alleged consensual sexual relations occurred is a correctional facility, not a detention facility; and (3) Joh Williams was not in the custody of a detention facility at the time of the alleged crime. Def.'s Mot. to Dismiss for Insufficiency at 8. All of these arguments, however, implicates the sufficiency of the People's evidence. "In considering a defense motion to dismiss an [information], the [trial] court accepts as true the factual allegations set forth in the [information]." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990). "Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an [information] is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000); *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) ("Evidentiary questions — such as credibility determinations and the weighing of proof — should not be determined" on a motion to dismiss for failure to state an offense). As further stated by the Third Circuit Court of Appeals, "[t]he government is entitled to marshal and present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *DeLaurentis*, 230 F.3d at 661. Thus, Whyte's arguments regarding the sufficiency of the evidence is inappropriate at this stage of the criminal proceeding.

■ Whyte further argues that because the term sexual relations used in the statute is in the plural form, the Information is insufficient because the statute requires "a quantitative requirement of more than once" but "the Information is devoid of the number of acts, because it fails to allege any acts." Def.'s Mot. to Dismiss for Insufficiency at 9. The Court finds this argument unpersuasive. Under the Virgin Islands' statutory rules of construction, "words importing the singular include and apply to several persons, parties or things" and "words importing the plural include the singular." 1 V.I.C. § 41. Therefore, by using the term "sexual relations", the Legislature intended to include both a singular "sexual relation" and a plural "sexual relations". Thus, the allegation that Whyte engaged in sexual relations with an inmate is sufficient.

■ Finally, at the hearing held on September 26, 2014, Whyte argued that the statute requires that the person with whom sexual relations is engaged must be a detainee because the heading accompanying the section is "Sexual Relations With a Detainee". This argument must fail because "any descriptive headings . . . other than section numbers contained therein, immediately preceding the texts of the individual sections of [the] Code" do not constitute part of the law. 1 V.I.C. § 45. More importantly, the plain language of section 667 makes clear that a defendant charged with violating this statute is prohibited from engaging in sexual relations with "a person who is *in the custody of a detention facility*" (emphasis added). As mentioned above, the Information clearly alleges that Whyte "unlawfully engaged in sexual relations with a person who is in the custody of [a] detention facility." Information at 1. Accepting these factual allegations as true, the Court finds that the language in the Information tracks the language in the statute and is, therefore, sufficient. Accordingly, the Court finds the Information sufficiently charged each element of the crime.

### B. Section 667(a) is Not Unconstitutionally Vague

Whyte contends that section 667(a) is unconstitutionally vague, and therefore void, in two respects: (1) the statute is vague as to with whom sexual relations is prohibited; and (2) the statute is vague as to what conduct is prohibited. Def.'s Mot. to Dismiss an Unconstitutional Penal Statute at 8-11. More specifically, Whyte takes issue with the clauses: "person who is in the custody of a detention facility" and "sexual relations".

103

■ "The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits." *United States v. Fontaine*, 697 F.3d 221, 226, 57 V.I. 914 (3d Cir. 2012). A statute "is unconstitutionally vague if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.' " *LeBlanc v. People*, 56 V.1. 536, 541 (V.1. 2012) (quoting *United States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008)); *Brathwaite v. Virgin Islands*, 60 V.I. 419, 434 (V.I. 2014) ("To comply with the requirements of due process a statute must give fair warning as to the conduct that is prohibited."). If a reasonable person "would know that their conduct puts them at risk of punishment under the statute" then a challenge for vagueness can be overcome. *Brathwaite*, 60 V.I. at 434. "The focus of [the Court's] inquiry is the meaning of the statute in light of common understanding and practice." *United States v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012). A determination of vagueness is based on whether a statute is vague as specifically applied to the defendant. *Id.* "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997). "[A]ll vagueness may be corrected by judicial construction which narrows the sweep of the statute within the range of reasonable certainty." *United States v. Morison*, 844 F.2d 1057, 1071 (4th Cir. 1988).

### 1. Person in Custody of a Detention Facility

Whyte strenuously argues that because there is a clear distinction between a person who is a "detainee" and a person who is an "inmate," the statute does not establish minimum guidelines to govern law enforcement and, under this more important aspect of the vagueness doctrine, is "unconstitutionally vague." Mot. to Dismiss an Unconstitutional Penal Statute at 10. Whyte contends that "[g]iven Mr. Williams' status, and the language of the statute, neither Ms. Whyte, nor any other person of ordinary intelligence, could know that sexual relations with him (an inmate, not a detainee) were criminally prohibited." *Id.* at 9 (parenthesis in original). The Court disagrees.

■ A plain reading of the language of section 667(a), as applied to the allegations in this case, establishes it is illegal for an employee

working at a detention facility to "engage[ ] in consensual sexual relations with a person who is in the custody of a detention facility." While the statute does not define each and every word in the phrase "person in the custody of a detention facility," applying the common understanding of these words in every day usage, the Court finds that this phrase can be readily understood by a person of ordinary intelligence. Pursuant to 1 V.I.C. § 42, the Virgin Islands Legislature made it clear that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." 1 V.I.C. § 42. Furthermore, "[a] fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979). When there is an undefined term in a statute, that term is construed "in accordance with its ordinary and natural meaning." *United States v. E.I. Dupont De Nemours & Co.*, 432 F.3d 161, 171 (3d Cir. 2005) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 357, 114 S. Ct. 1599, 128 L. Ed. 2d 319 (1994)). Also, when determining the common and approved usage of words and phrases, courts routinely "refer to dictionaries for guidance regarding the ordinary meaning of a statutory term." *Virgin Islands Automobile Rental Assoc. v. Virgin Islands Port Auth.*, 47 V.I. 728, 734 (D.V.I. 2006) (citing *MCI Telecomm. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 225-29, 114 S. Ct. 2223, 129 L. Ed. 2d 182 (1994)). Black's Law Dictionary defines "detention" as "[t]he act or an instance of holding a person in custody." BLACK'S LAW DICTIONARY 543 (10th ed.); *see also* WEBSTER'S II NEW COLLEGE DICTIONARY 314 (3d ed. 2005) (defining "detain" to mean "to keep from proceeding" or "to keep in custody"). Similarly, "custody" is commonly understood to mean "the right or act of guarding." WEBSTER'S II NEW COLLEGE DICTIONARY 285 (3d ed. 2005). In addition, "facility" is commonly understood to mean "something created to serve a particular function." *Id.* at 409. Thus, putting these words together, an ordinary person of common intelligence could readily understand the phrase "person in the custody of a detention facility" to mean a person who is being held in a location designed for guarding such individuals. None of the words used in this phrase are confusing or ambiguous as applied to the allegations in this case. A person of ordinary intelligence, reviewing the statute, would know that section 667 prohibits corrections officers from having sexual relations with

persons in the custody of a facility created for such a purpose.[1] The statute is not subject to arbitrary and discriminatory enforcement as a result. Thus, this Court finds that the phrase "person in the custody of a detention facility" is not unconstitutionally vague.

### 2. Sexual Relations

Whyte next argues that because the statute prohibits only "sexual relations" with certain persons but does not define this term, section 667(a) is unconstitutionally vague. Whyte further argues that section 667 is confusing because "subsection (b) only defines sexual intercourse and subsection (c) only defines sexual penetration, neither of which is specifically prohibited by the statute." As a result, Whyte argues, "neither [she], nor a person of ordinary intelligence could be reasonably expected to know exactly what conduct is prohibited because the term used, 'sexual relations,' is subject to numerous connotations [and] is not specifically defined." Def.'s Motion to Dismiss an Unconstitutional Penal Statute at 10. The Court finds this argument unpersuasive.

Although "sexual relations" is not explicitly defined in the statute, this term is commonly understood to mean "sexual intercourse" or "sexual activity between individuals." *See* WEBSTER'S II NEW COLLEGE DICTIONARY 1036 (3d ed. 2005). "Sexual intercourse" is explicitly defined in section 667(b) which states, in relevant part:

(b) For the purpose of subsection (a), "sexual intercourse" means:

(1) Any act of physical union of the genitalia or anus of one person with the mouth, anus or genitalia of another person. It occurs upon any penetration, however slight. Ejaculation is not required; or

---

[1] At the hearing held on September 26, 2014, both parties recognized and acknowledged that GGACF houses both inmates and prisoners and serves as both a prison and a detention facility. According to Whyte, section 667(a) only prohibits a corrections officer from having sexual relations with a person held in custody of the detention section of GGACF, and not the prison section. The Court finds that Whyte's interpretation would lead to absurd consequences. The Virgin Islands Supreme Court cautions that "[a] statute should not be construed and applied in such way that would result in injustice or absurd consequences." *Gilbert v. People of the Virgin Islands*, 52 V.I. 350, 356 (V.I. 2009). According to Whyte's interpretation, a corrections officer could evade the reach of the statute by simply transporting a person held in the detention section of the facility to the prison section and engage in sexual relations with that person. Because the sexual relations did not occur in the detention section of the facility, that person could not be found in violation of 14 V.I.C. § 667(a). The Court finds this to be an unreasonable interpretation of section 667(a).

(2) Any act of cunnilingus or fellatio regardless of whether penetration occurs. Ejaculation is not required.

14 V.I.C. § 667(b). Notwithstanding the fact that "sexual relations" is not explicitly defined in section 667, that term encompasses "sexual intercourse", which is explicitly defined in the statute. Thus, because "sexual relations" is commonly understood to mean "sexual intercourse", the Court finds that the term "sexual relations" is not unconstitutionally vague and provides a person of ordinary intelligence fair notice of what is prohibited.[2]

### C. Motion for Bill of Particulars

 Federal Rules of Criminal Procedure 7(f) governs the issuance of a bill of particulars.[3] Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f). "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971) (citations omitted). "[A] bill of particulars is only required if an [information] fails to perform these functions in the first place." *United States v. Jones*, 447 F.App'x. 319, 323 (3d Cir. 2011). The decision to grant a motion for bill of particulars is

---

[2] Whyte also argues that the term "sexual relations" is vague because the statute "does not permit a person of ordinary intelligence to know whether multiple acts or 'relations' are required to violate the statute or if one act or 'relation' is enough." *See* Def.'s Motion to Dismiss as Unconstitutional a Penal Statute at 11. As mentioned earlier in this Opinion, 1 V.I.C. § 41 provides that "words importing the singular include and apply to several persons, parties or things" and "words importing the plural include the singular." 1 V.I.C. § 41. Therefore, the use of the term "sexual relations" necessarily includes both a Singular "sexual relation" and a plural "sexual relations". Accordingly, the Court rejects Whyte's argument on this issue.

[3] Rule 7(f) of the Federal Rules of Criminal Procedure is applicable to proceedings in the Superior Court pursuant to Superior Court Rule 7.

within the discretion of the trial court. *United States v. Moyer*, 674 F.3d 192, 202 (3d Cir. 2012). A defendant bears the burden of demonstrating that there will be an actual surprise at trial significant enough to prejudice her substantial rights. *United States v. Plaskett*, 50 V.1. 548, 561 (D.V.I. 2008).

 The Court finds that a bill of particulars is not warranted in this case. Here, the Information charges that, while employed as a Corrections Officer at the GGACF, Whyte engaged in sexual relations with a person in the custody of said detention facility between the period of November 12, 2012 and January 15, 2013. The Information pinpoints the act to have occurred at some point within a two month period. The Information also identifies the individual Whyte is alleged to have had sexual relations with. Moreover, the request for a bill of particulars is weakened where the government has provided substantial discovery. *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005). At the hearing held on September 26, 2014, Whyte, through her counsel, acknowledged the People have provided her with a copy of the video found on the cell phone giving rise to this criminal prosecution. The video purports to depict Whyte and Williams engaging in a sexual act. Given that the Information by itself is adequate and that the People have provided discovery, including a video of the alleged act giving rise to the filing of this case, it is highly unlikely that Whyte will be surprised at trial. Accordingly, the Court finds that the issuance of a bill of particulars is unnecessary.

### III. CONCLUSION

For the reasons stated above, the Court holds that the Information charging Whyte with a violation of 14 V.I.C. § 667(a) is sufficient. Moreover, because the Court finds that the language in section 667(a) is not unconstitutionally vague, the Court will deny Whyte's Motion to Dismiss an Unconstitutional Penal Statute. Finally, Whyte's request for the issuance of a bill of particulars is denied. An appropriate Order follows.