10-220-cr
USA v. Conde-Falon (Cruz-Vargas)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

Present:   PIERRE N. LEVAL,
           ROBERT A. KATZMANN,
           PETER W. HALL,
                      *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

                      - v -                              No. 10-220-cr

LUIS CARLOS CONDE-FALON, AKA NENE, MANUEL HUMBERTO GOMEZ, ARLES BALLESTEROS-SANCHEZ, LUIS ALEJANDRO LEYTON-GONZALES,

                      *Defendants*,

JHONATHAN CRUZ-VARGAS,

                      *Defendant-Appellant*.

_____

For Defendant-Appellant:          ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, N.Y.

For Appellee:                     SARAH Y. LAI, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jhonathan Cruz-Vargas appeals from a January 7, 2010 judgement of the United States District Court for the Southern District of New York (Sullivan, *J.*) entered following a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to import into the United States five kilograms or more of cocaine, in violation of 21 U.S.C. § 963. The district court sentenced Cruz-Vargas principally to 100 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Cruz-Vargas contends that (1) the district court committed procedural error in denying his request for a minor role adjustment to his offense level; and (2) his sentence was substantively unreasonable. We review the sentence imposed by the district court for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact," or fails to explain adequately its sentence. *Id.* at 190 (citing *Gall*, 552 U.S. at 50) (internal citations omitted). Substantive determinations shall be set aside "only in

2

exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)).

We turn first to Cruz-Vargas's role adjustment argument. Section 3B1.2(b) of the Sentencing Guidelines directs that "[i]f the defendant was a minor participant in any criminal activity, decrease [the offense level] by 2 levels." An adjustment is warranted only if the defendant's "part in committing the offense . . . makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A) (2009). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2 cmt. n.5. A defendant bears the burden of proving his qualification for such an adjustment. *United States v. Ravelo*, 370 F.3d 266, 269 (2d Cir. 2004). "In making this 'highly fact-specific' determination," *id.* at 269-70 (quoting *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993)), "a district court looks to factors such as 'the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise,'" *id.* at 270 (quoting *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002)). Our review of a district court's discretionary decision as to "whether to accord a defendant a role adjustment" is

3

"deferential."[1] *United States v. Labbe*, 588 F.3d 139, 144 (2d Cir. 2009).

The parties do not dispute that Cruz-Vargas's role in the conspiracy was less substantial than his co-defendants'. However, "a minor-role adjustment is not available merely on a showing that the defendant 'played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be "minor" . . . as compared to the average participant in such a crime.'" *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002) (quoting *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999)). Cruz-Vargas argues that his role was "minor" because he only packed cocaine on a handful of occasions, and he was not involved in transporting the cocaine into the United States. However, Cruz-Vargas worked for the drug organization for close to a year, frequently packaging large quantities of cocaine and otherwise assisting the conspiracy in its work. Although Cruz-Vargas did not himself transport the cocaine, this does not distinguish him from the numerous "average" members of narcotics conspiracies who work as packers rather than couriers; both roles are crucial to the success of such a conspiracy. *See Yu*, 285 F.3d at 200. Accordingly, we conclude that the district court did not err in finding that Cruz-Vargas's role was not "minor" and therefore denying a role adjustment pursuant to § 3B1.2(b).

Cruz-Vargas also challenges the substantive reasonableness of his 100-month sentence, making various arguments pertaining to his relative level of culpability. However, the district court clearly understood and weighed Cruz-Vargas's culpability arguments, and he in fact received the lowest sentence of the non-cooperating co-defendants. In addition, the district court

---

[1] As we noted in *Labbe*, our Circuit has not been consistent in articulating the standard of review governing role adjustments. *See* 588 F.3d at 145 n.2. However, because we find no error in the district court's analysis and our conclusion would therefore be the same under any level of deference, we need not determine the appropriate standard at this time.

made clear that the need for general deterrence was a significant factor in the sentence that it imposed. Cruz-Vargas's arguments about the reasonableness of his sentence do not address this factor, and the weight given by the district court to deterrence is exactly the sort of exercise of discretion that "we will not second guess." *Pope*, 554 F.3d at 247 (quoting *Fernandez*, 443 F.3d at 34). We therefore conclude that the sentence imposed by the district court was substantively reasonable.

We have considered all of Cruz-Vargas's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK