**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

RICHARD TIMOTHY WEAVER, a/k/a Lucky; ELMER LUKE MOORE, a/k/a Tramp; KIM H. BERRYMAN, a/k/a Bear; STEVEN LYNN KNIGHT, a/k/a Steve O; BRIAN SCOTT MITCHELL, a/k/a Kegs; MICHAEL LEE PHELPS, a/k/a AJ,

*Defendants-Appellees.*

No. 10-4885

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Thomas E. Johnston, District Judge.
(2:09-cr-00222-5)

Argued: September 23, 2011

Decided: October 24, 2011

Before TRAXLER, Chief Judge, and WILKINSON and
NIEMEYER, Circuit Judges.

Reversed and remanded by published opinion. Judge Wilkinson wrote the opinion, in which Chief Judge Traxler and Judge Niemeyer joined.

## COUNSEL

**ARGUED:** Steven Loew, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant. Deirdre H. Purdy, Chloe, West Virginia, for Appellees. **ON BRIEF:** R. Booth Goodwin II, United States Attorney, Charleston, West Virginia, for Appellant. Carl James Roncaglione, Jr., Charleston, West Virginia, for Appellant Elmer Luke Moore; Richard W. Weston, WESTON LAW OFFICE, Huntington, West Virginia, for Appellant Kim H. Berryman; Mark Lee McMillian, Charleston, West Virginia, for Appellant Steven Lynn Knight; Roger D. Curry, CURRY AMOS & ASSOCIATES, Fairmont, West Virginia, for Appellant Brian Scott Mitchell; John A. Proctor, PROCTOR LAW OFFICES, PLLC, Huntington, West Virginia, for Appellant Michael Lee Phelps.

## OPINION

WILKINSON, Circuit Judge:

The question here is whether 18 U.S.C. § 922(h), which prohibits a person from possessing a firearm while "employed for" a convicted felon, applies only to persons employed for tangible compensation. After holding that § 922(h) requires the government to prove some form of payment — and noting the government's concession that it could not make such a showing here—the district court granted defendants' motions to dismiss all charges based on § 922(h). The statute, however, does not contain an inflexible requirement that compensation be involved. Accordingly, we reverse the district court's dismissal of the charges and remand for further proceedings.

### I.

Defendants Richard Weaver, Elmer Moore, Kim Berryman, Steven Knight, Brian Mitchell, and Michael Phelps are

alleged members of the Pagans Motorcycle Club (the "PMC"), a gang located primarily along the East Coast of the United States. The charges against them stemmed from orders they received from Floyd Moore, who was then the national vice president of the PMC. By virtue of his position in the PMC hierarchy, Moore was able to issue orders to lower-ranking PMC members.

Moore was also a convicted felon prohibited from possessing a firearm. In an apparent attempt to circumvent the firearm prohibition, Moore ordered PMC subordinates, including defendants, to carry firearms in order to protect him. On at least one occasion, defendants accompanied Moore while in possession of firearms. Moore allegedly told various PMC members that he did not need to carry a gun because other members carried guns for him.

Defendants were each charged with possessing firearms while being employed for a convicted felon in violation of 18 U.S.C. § 922(h), and all but Weaver were also charged with conspiring to violate § 922(h). The statute provides:

> It shall be unlawful for any individual, who to that individual's knowledge and while being employed for any person described in any paragraph of subsection (g) of this section, in the course of such employment—
>
>> (1) to receive, possess, or transport any firearm or ammunition in or affecting interstate or foreign commerce; or
>>
>> (2) to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(h). Subsection (g) lists categories of individuals — including convicted felons — that are prohibited from

transporting, receiving, or possessing firearms. 18 U.S.C. § 922(g).

The defendants filed motions to dismiss the charges, arguing in part that the words "employed for" and "employment," as used in the statute, require the government to prove that they were employed for wages. The government asserted that "employed" should be given a broader meaning that includes, but is not limited to, the hiring of a person for wages. After numerous pretrial proceedings, the district court held that employment in the context of § 922(h) refers to an employer-employee relationship that is proven only by payment of wages or some other form of tangible compensation.

Meanwhile, defendants Weaver and Moore agreed to enter conditional guilty pleas, which reserved the right to appeal the district court's ruling on the meaning of § 922(h). At the plea hearing, the government conceded that it could not establish a factual basis for the pleas under the court's interpretation of § 922(h). The government added that its evidence would not support a conviction on the § 922(h) offenses for those defendants who were not present at the hearings, as it could not prove that any of the defendants received tangible compensation. Consequently, the district court granted defendants' motions to dismiss the § 922(h) charges. This appeal followed.*

---

*We have jurisdiction under 18 U.S.C. § 3731, which states: "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . as to any one or more counts, or any part thereof . . . ." Although there is no provision for summary judgment in the Federal Rules of Criminal Procedure, the district court's pretrial dismissal of the § 922(h) charges was procedurally appropriate under Rule 12(b)(2). That rule provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). As circuit courts have almost uniformly concluded, a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the

## II.

The government contends that the district court erroneously construed § 922(h) to require proof of tangible compensation. This issue of statutory interpretation is one that we review *de novo*. *United States v. Ide*, 624 F.3d 666, 668 (4th Cir. 2010). Because the district court's interpretation of § 922(h) imposes an artificial restriction on the statute, we must reverse the court's dismissal of the charges.

## A.

The starting point for any issue of statutory interpretation is the language of the statute itself. *United States v. Bly*, 510 F.3d 453, 460 (4th Cir. 2007). "It is well established that when the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal quotation marks omitted).

The plain text of § 922(h) does not contain a rigid require-ment that defendants be hired for tangible compensation.

motion and proffers, stipulates, or otherwise does not dispute the pertinent facts. *See United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (citing *United States v. Phillips*, 367 F.3d 846, 855 & n.25 (9th Cir. 2004); *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000); *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995); *United States v. Hall*, 20 F.3d 1084, 1087-88 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988)).

Here, the government did not challenge the trial court's authority to decide the motion, and it conceded its inability to obtain convictions under the court's interpretation of § 922(h). Thus, the district court considered a purely legal question: whether § 922(h) applies only to persons employed for tangible compensation. There is no good reason to force the court to incur the expense and delay of a trial that would inevitably lead to the same outcome as its pretrial ruling.

Although the term "employ" can mean "to provide with a job that pays wages," it is not limited to this narrow definition. By treating compensation as an essential condition of § 922(h), the district court narrowed the intended scope of the statute, adding an element of proof not present in the plain language.

Had Congress wanted to narrow the scope of § 922(h), it could have used a monetary term, such as "hire," "compensation," or "wages," as it has done elsewhere in Title 18. *See, e.g.*, 18 U.S.C. § 436 ("Whoever . . . contracts . . . to *hire* out the labor of any prisoners . . . shall be fined[.]"); 18 U.S.C. § 1958 (government must prove that defendant obtained "a promise or agreement to pay . . . anything of pecuniary value[.]"). But Congress did not do so. Instead, without any reference to pecuniary or monetary value, it prohibited individuals from possessing firearms while "employed for" a convicted felon. We refuse to read into § 922(h) language that Congress declined to include.

In addition to omitting any reference to compensation, Congress chose not to use the term "employee of," which typically identifies a person hired for wages. Instead, it drew on the term "employed for," which often means "used for" or "engaged in the service of." For example, 18 U.S.C. § 1231 distinguishes "employees" — the workers hired for wages — from persons who are "employed for" a purpose: "Whoever willfully transports . . . any person who is *employed* or is to be *employed for* the purpose of obstructing . . . peaceful picketing by *employees* . . . [s]hall be fined[.]" *Id.* (emphasis added). Congress's decision to use the term "employed for" — instead of "employee of" — in § 922(h) further undermines the district court's holding that the statute requires proof of tangible compensation.

### B.

The district court's interpretation of § 922(h) also overlooks the structure and purpose of the statute. Section 922(h)

immediately follows § 922(g), which prohibits certain individuals — including convicted felons — from possessing firearms. Viewed in light of § 922(g), the purpose of § 922(h) is apparent: it is meant to prevent the individuals listed in subsection (g) from circumventing the firearm prohibition by employing armed bodyguards. In adopting § 922(h), Congress explicitly targeted the members of criminal organizations. *See* 114 Cong. Rec. 13869 (1968) (statements of Sen. Long) (referring to "triggermen," "goon squads," "member[s] of the Mafia," and "the underworld element"). The district court's holding, however, would force the government to prove that convicted-felon gang leaders compensated their bodyguards, instead of simply proving that they ordered their subordinates to carry firearms on their behalf. This interpretation frustrates the statute's purpose, allowing such gang leaders to exploit the loophole that § 922(h) aimed to close by exerting control over their underlings without paying them. Congress could not have intended such a result.

## C.

Finally, the cases reinforce the proposition that law does not treat compensation as the sine qua non of an employer-employee relationship. Rather, courts have defined the terms "employ" and "employee" via flexible, multi-factor tests that highlight elements of agency and control. Consistent with these decisions, § 922(h) cannot be construed as applying only to persons receiving some form of payment.

For example, in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), the Supreme Court considered whether a sculpture was "a work prepared by an employee within the scope of his or her employment" under the Copyright Act of 1976. *Id.* at 738. Because the Act did not define "employee," the Court reasoned, the term "should be understood in light of the general common law of agency." *Id.* at 741. The artist in *Reid* received compensation, but the Court did not treat this fact as dispositive, instead applying a twelve-

factor test that stressed elements of control. *Id.* at 751. In dicta, the Court expressly "reject[ed] the suggestion . . . that the . . . term 'employee' refers only to formal, salaried employees." *Id.* at 742 n.8.

Similarly, this court has embraced a more flexible definition of the word "employ." In *United States v. Murphy*, 35 F.3d 143 (4th Cir. 1994), we held that a county prison guard was "employed to assist" federal agents under 18 U.S.C. § 1114. In reaching this result, we noted that "[t]he term 'employ' has a broad sweep and is expansively used: 'employ' means 'to make use of,' 'to use advantageously,' 'to use or engage the services of,' 'to provide with a job that pays wages or a salary,' as well as 'to devote to or direct toward a particular activity or person.'" *Id.* at 145 (citation omitted).

Other federal courts have also declined to treat compensation as the sole condition of an employment relationship. For instance, in *Boy Scouts of America v. Graham*, 86 F.3d 861 (9th Cir. 1996), the Ninth Circuit looked to agency principles in determining whether a volunteer had established the existence of an employment relationship. In the agency context, the court noted, "[c]onsideration is not necessary to create the relation of principal and agent and it is not necessary in the case of master and servant." *Id.* at 865. Accordingly, the court considered factors other than compensation, including the power to select and dismiss the putative employee and the level of control over on-the-job conduct. *Id.* Despite the lack of compensation, the court found that a genuine issue of material fact existed as to whether there was an employment relationship. *Id.* at 866.

Like their federal counterparts, state courts have long interpreted "employ" and "employee" as being determined by elements other than compensation. *See, e.g.*, *General Accident Group v. Frintzilas*, 443 N.Y.S.2d 989, 992 (N.Y. Sup. Ct. 1981) ("The word 'employee' does not necessarily connote the payment of compensation[.]"); *State ex rel. Cooper v.*

*Roth*, 44 N.E.2d 456, 458 (Ohio 1942) ("The term 'employment' connotes service or that which engages one's time and attention. It may be with or without compensation."); *State v. Gohl*, 90 P. 259, 261 (Wash. 1907) (defining "employ" as "[t]o use; to have in service; to cause to be engaged in doing something; to make use of as an instrument . . . for a specific purpose.").

Courts have used a number of standards in determining whether an employment relationship exists. These standards vary from case to case, but they do not turn exclusively on the payment of wages or salary. Rather, courts have applied multi-factor tests that go beyond a simplistic focus on tangible compensation. In keeping with existing case law, the district court's one-factor test cannot stand.

## III.

We do not know whether the government can prove that the defendants breached § 922(h). We also decline to draft at this preliminary stage of proceedings a definitive definition of the disputed term. That is best left to the trial court upon remand. We do, however, hold that compensation cannot be the sine qua non of the words "employed for" in § 922(h). Making compensation the indispensable ingredient of "employed for" cannot be squared with the statute's language, structure, and purpose, or with prior judicial decisions. Accordingly, we reverse the judgment and remand for further proceedings consistent with this decision.

*REVERSED AND REMANDED*