**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50605 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00252-JVS-1 |
| v. | |
| SPENCER TND DANG, AKA Thinh Nguyen Duy Dang, AKA Mikey, AKA Tinh Lin Nyah, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 6, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and NGUYEN, Circuit Judges.

Defendant Spencer Dang appeals his sentence, imposed after he pled guilty

for bank fraud. At sentencing, the district court ordered restitution for $795,225.

Dang argues that this number should be reduced by $40,933 because, for that

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

amount, the government relied on bank records indicating check payments to co-schemers when the government did not have photocopies of the checks in its possession. Dang also contends that the district court erred in failing to waive post-judgment interest, despite its finding that Dang is only able to pay a nominal restitution amount due to his indigency. Dang never objected or requested a waiver of the interest.

We review a district court's factual findings for clear error, its restitution order for abuse of discretion, and the legality of the restitution order de novo. *United States v. Waknine,* 543 F.3d 546, 555 (9th Cir. 2008). The government must establish the proper amount of restitution by a preponderance of the evidence. *Id.* at 556. A district court's determination "that a particular item of evidence is sufficiently reliable [to be considered at sentencing] is reviewed for abuse of discretion." *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998).

Here, the district court did not abuse its discretion in finding that the bank records possessed sufficient indicia of reliability to support a restitution order. *See United States v. Ali*, 620 F.3d 1062, 1066, 1072 (9th Cir. 2010); *Waknine*, 543 F.3d at 555. In any event, Dang admitted the ultimate loss amount in his objections to the Presentence Report. Therefore, the district court was within its discretion in

finding that the evidence possessed sufficient indicia of reliability to support the full loss amount of $795,225.

Dang argues that the district court plainly erred in not waiving post-judgment interest on unpaid restitution.[1] To prevail under plain error review, there must be: (1) an error; (2) that is plain (under then existing law); (3) that affects substantial rights; and (4) that seriously "affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under 18 U.S.C. § 3612(f)(3), waiver of interest on unpaid restitution is discretionary. Indigency is a necessary, but not in itself a sufficient, condition to waiver. Therefore, while the district court could have waived post-judgment interest once it found that Dang was unable to pay, the district court was not required to do so, and Dang never requested a waiver.

That the district court waived interest for Dang's co-schemers is of no moment. Ngai and Tran cooperated with the government. Dang did not, and "a sentencing disparity based on cooperation is not unreasonable." *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (internal quotations omitted). No

---

[1] Dang concedes that the district court's failure to waive post-judgment interest is reviewed for plain error due to his failure to raise the objection below.

defendant was more culpable than Dang and Dang was the only one who did not cooperate. There was no error, let alone plain error, with respect to the interest.

**AFFIRMED**.