**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4513**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

MAURICE NAKIA ECHOLS,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:11-cr-00205-TDS-1)

Submitted:  January 9, 2013   Decided:  February 4, 2013

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Nakia Echols appeals the criminal judgment imposed following his guilty plea to interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(a) (2006), and carry and use, by brandishing, of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, Echols challenges only the district court's restitution order, arguing that the district court abused its discretion in denying his request that the court stay the imposition of interest until his release from prison. We affirm.

We review a criminal restitution award for abuse of discretion. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Questions of statutory interpretation are reviewed de novo. United States v. Weaver, 659 F.3d 353, 356 (4th Cir. 2011).

A criminal restitution order is designed "not to punish the defendant, but to make the victim whole again by restoring to him or her the value of the losses suffered as a result of the defendant's crime." United States v. Newman, 659 F.3d 1235, 1241 (9th Cir. 2011) (internal quotation marks and emphasis omitted), cert. denied, 132 S. Ct. 1817 (2012); see S. Rep. No. 104-179, at 12, reprinted in 1996 U.S.C.C.A.N. 924, 925-26 (explaining, in enacting 18 U.S.C. § 3663A, that

2

restitution is designed to "ensure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being") (internal quotation marks omitted). A court imposing restitution is required to order payment "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (2006). In fashioning the restitution schedule, the court is to consider the defendant's financial resources and obligations and his projected earnings. 18 U.S.C. § 3664(f)(2) (2006); see United States v. Leftwich, 628 F.3d 665, 668 (4th Cir. 2010); United States v. Hoyle, 33 F.3d 415, 420 (4th Cir. 1994).

Payment of interest generally is mandatory on any restitution greater than $2,500. See 18 U.S.C. § 3612(f)(1) (2006). However,

> [i]f the court determines that the defendant does not have the ability to pay interest, the court may—
>
> > (A) waive the requirement for interest;
> >
> > (B) limit the total of interest payable to a specific dollar amount; or
> >
> > (C) limit the length of the period during which interest accrues.

18 U.S.C. § 3612(f)(3) (2006).

Echols was subject to mandatory restitution pursuant to 18 U.S.C. § 3663A(a)(1), (c)(1) (2006). However, Echols requested that the court limit the interest imposed pursuant to § 3612(f)(3)(C). Echols argues on appeal that the court erred in denying this request without first making factual findings regarding his ability to pay interest.

We find Echols's argument unavailing. Section 3612(f)(3) is written in permissive, not mandatory, language, authorizing the court to deviate from the interest requirement if it makes certain factual findings. However, the statute does not require the court to make explicit factual findings, or to reduce the interest accrual if those factual findings are made in the defendant's favor. Here, the court made general factual findings regarding Echols's ability to pay. It also explained its rationale for refusing Echols's request, indicating that it believed the robbery victims would not be fully compensated for their losses without accrued interest. We conclude that the district court did not abuse its discretion in making this determination or in denying Echols's request on this basis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED