12-3548-cr
United States v. Burris

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
              DENNIS JACOBS,
              ROSEMARY S. POOLER,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                              No. 12-3548-cr

COURTNEY BECKFORD, aka Mark, aka Gabriel, aka Cort, GABE BEIZEM, SAMUEL BURRIS, aka Jackie, RAWL DAVIS, aka Roy, KEVIN EASTON, LENNOX LAMBERT, aka Dred, MARSHA MOTAYNE, aka Marsha Montayne, SAUL SERRANO, RON SHEALEY, ROHAN STEWART, aka Mark, aka Pete, CARLOS DIAZ, CLEVELAND OAKES, WILLIAM PERKINS, WAYNE WHITE,

                    *Defendants,*

MALACHI BURRIS, aka Mark,

                    *Defendant-Appellee.*

_____

For Appellee:                 DOUGLAS M. PRAVDA (Susan Corkery and Karin Orenstein, *on the brief*), Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellant:    LAWRENCE MARK STERN, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Irizzary, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Malachi Burris appeals from a January 17, 2013, amended judgment of conviction imposed by the United States District Court for the Eastern District of New York (Irizzary, *J.*) following a plea of guilty to a charge of conspiracy to commit mail and wire fraud. The district court sentenced Burris principally to twenty-four months of incarceration, restitution in the amount of $782,718.28 plus interest, and forfeiture in the amount of $88,590. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.    Loss Amount

Burris first contests the district court's attribution to him of $569,681 in real loss, an amount which reflects all of the loss caused by Burris and by his co-conspirators (the other participants in a group led by Burris's brother Samuel Burris). "[I]n order to hold a defendant accountable for the acts of others, a district court must make two findings: 1) that the acts were within the scope of the defendant's agreement and 2) that they were foreseeable to the defendant." *United States v. Studley*, 47 F.3d 569, 574 (2d Cir. 1995). With respect to the first finding, *Studley* holds "that the Guidelines . . . require the district court to make a particularized

finding of the scope of the criminal activity agreed upon by the defendant." *Id.* Burris contends that (1) the district court failed to make that particularized finding and (2) there was insufficient evidence for the district court to have found that the scope of his agreement covered all of the criminal activity undertaken by the group. He argues that he should be responsible for only the discrete acts that he himself took to further the conspiracy. We disagree.

In rejecting Burris's argument that he should not be held accountable for losses caused by his co-conspirators, the district court stated that it "agree[d] with the analysis that ha[d] been set forth by Probation as well as the rationale discussed by the Government in its sentencing memorandum." App'x at 132. The "analysis that ha[d] been set forth by probation" includes statements (1) that Burris "became involved in the offense from the start, in approximately October 2005," Presentencing Report ("PSR") at 11; (2) that "[a]fter January 2008, Malachi Burris reduced his criminal involvement, but he did not withdraw from the offense," *id.*; and (3) that "[t]he loss attributable to the defendant included not only the packages he personally picked up, but also the loss that was reasonably foreseeable . . . since he was part of a jointly undertaken criminal activity with his brother," Addendum to the PSR at 2. The "rationale discussed by the Government" includes the statement that "the defendant is responsible for the total loss attributable to the Burris working group as these losses were the reasonably foreseeable result of jointly undertaken activity." July 12, 2012, Letter from the Gov't at 6. The district court incorporated those statements into its findings, and through those statements—and the district court's subsequent statement that "there was enough independent evidence from some of the records that were maintained by apparently the record keeper . . . to indicate that Mr. Burris was involved throughout that period of time," App'x at 139—the district court made a

3

particularized finding that the entirety of the conspiracy's activity, from October 2005 until its termination, was jointly undertaken by Malachi Burris. Ultimately, while it would have been advisable for the district court to state its findings more clearly and with more particularity, the record as a whole indicates that the district court found that all of the activity was within the scope of Burris's conspiratorial agreement.

Further, the district court had sufficient evidence on which to base its finding that Burris agreed to the entire scope of the conspiracy to obtain wireless devices fraudulently. The evidence showed that: (1) Burris picked up fraudulently obtained wireless devices from Rudolph, a co-conspirator who was a FedEx courier, for approximately two months in 2005; (2) Burris would call Rudolph telling her the addresses that would appear on the packages with fraudulently obtained devices so that she would know which ones to set aside; (3) in early 2007, Burris again picked up wireless devices from Rudolph; (4) in 2007, Rudolph introduced Burris to FedEx courier McLean, and Burris told McLean that he would put McLean in contact with Samuel Burris; (5) thereafter, Burris occasionally accompanied co-conspirator Courtney Beckford to pick up packages from McLean; (6) in September, 2008, when Burris asked Beckford whether he "got the rest of the things," Beckford responded that he "got three," including a "Pearl," and AT&T records showed that three phones, including a Blackberry Pearl, App'x at 228, had been sent to Beckford's address; (7) later that month, Burris traveled to Jamaica with Beckford and Samuel Burris, and fraudulently obtained wireless devices were discovered in the luggage of both Burris brothers, while Beckford had in his luggage a list of email addresses, many of which had been provided to AT&T or T-Mobile customer services representatives so that co-conspirators could receive emails with tracking information for the

4

fraudulently ordered phones; (8) in October, 2008, Burris and Beckford discussed the number of phones being ordered by Samuel Burris and Samuel Burris's difficulty reaching one of the FedEx couriers; (9) records discovered at Beckford's home referred to 150 wireless devices and referred to eight of those devices as attributable to Burris; and (10) during Burris's plea allocution, he admitted that he was involved in the conspiracy "during 2007 through 2009."

Burris argues that many of these events could be construed as innocent. But we do not think that the district court clearly erred in inferring that Burris had agreed to the full scope of the conspiracy. *See United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (brackets and internal quotation marks omitted). Moreover, while Burris examines each of the incidents separately and attempts to explain away each one, the district court was correct to "view all the evidence as pieces of a unified whole." *United States v. Nusraty*, 867 F.2d 759, 764 (2d Cir. 1989). We affirm the district court's finding that Burris agreed to the entire scope of the conspiracy.

## II.     Minor Role Adjustment

Burris next contends that the district court improperly denied him a minor role adjustment. This adjustment "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." U.S. Sentencing Guidelines § 3B1.2(b) cmt. n.5. While "this circuit has not always been consistent in describing the standard of review for role adjustments," *United States v. Labbe*, 588 F.3d 139, 145 n.2 (2d Cir. 2009) (brackets omitted), we need not decide that issue here because our conclusion would be the same

under any level of deference. *See United States v. Conde-Falon*, 420 F. App'x 56, 58 n.1 (2d Cir. 2011). The district court did not err in denying Burris the minor role adjustment.

"The culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990) (per curiam). Here, there is evidence demonstrating that Burris was close to and trusted by the head of the Burris group (his brother, Samuel) as well as Beckford (the other runner). The runners were important because they served as a connection between Samuel and the FedEx drivers. And Burris's conversations with Beckford and delivery of at least three fraudulent cellphones to Jamaica indicate that he was aware of the nature and full scope of the criminal enterprise.

Burris argues that it was unfair that he was denied a minor role adjustment when the district court found that each of the FedEx drivers played a minor role. But Burris overlooks the fact that he played a specialized role because he could be trusted as an intermediary between Samuel Burris and the drivers. Burris also minimizes his own knowledge about and participation in the conspiracy. *See United States v. Shonubi,*, 998 F.2d 84, 90 (2d Cir. 1993) ("A sentencing court is not bound to accept defendant's self-serving characterizations of his role in an offense.").

### III.    Interest on Restitution

Next, Burris contends that the district court abused its discretion when it ordered Burris to pay interest on the restitution award. Burris argues "that [the district court's] discretion was abused in this case where the appellant clearly does not have the capacity to pay the interest, let alone the principle." Brief for Defendant-Appellant Burris at 33-34.

6

To the extent that Burris contends that the district court is *required* to waive interest on a restitution payment where the defendant cannot pay, he is incorrect. Under the Mandatory Victims Restitution Act, if a district court "determines that the defendant does not have the ability to pay interest under this subsection, the court *may* waive the requirement for interest." 18 U.S.C. § 3612(f)(3)(A) (emphasis added); *see also United States v. Echols*, 508 F. App'x 266, 267 (4th Cir. 2013); *United States v. Spencer Tnd Dang*, 492 F. App'x 730, 731 (9th Cir. 2012); *United States v. Bagdy*, 535 F. App'x 695, 697-98 (3d Cir. 2009). And to the extent that Burris argues that the district court abused its discretion because of the particular circumstances presented by this case, we disagree. Burris's liability is joint and several with the liability of numerous other defendants. Those co-conspirators will also be making payments to decrease the joint restitution and interest, and the district court is not obligated to waive interest solely because Burris is unable to pay the total amount.

## IV. Excessive Fines Clause

Finally, Burris contends that the district court's restitution and forfeiture orders violate the Excessive Fines Clause of the Eighth Amendment. To the extent that Burris contends that restitution and forfeiture orders were improperly based on losses caused by his co-conspirators, we disagree for the reasons described above. To the extent that Burris contends that these assessments violate the Eighth Amendment for some other reason, his argument is insufficiently briefed to warrant our review. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 n.4 (2d Cir. 2000) ("This single, conclusory, one-sentence argument is insufficient to preserve any issue for appellate review."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in briefs are considered waived and normally will not be addressed on appeal.").

**V.      Conclusion**

We have considered Burris's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK