Unpublished opinions are not binding precedent in this circuit.
*236 SHEDD, Circuit Judge:
James Hill, III was working at the Amazon Fulfillment Center in Chester, Virginia, when he allegedly assaulted C.T., a fellow employee, because of C.T.’s actual or perceived sexual orientation. Consequently, the United States indicted Hill for violating 18 U.S.C. § 249(a)(2). The district court dismissed the indictment, finding § 249(a)(2) unconstitutional as applied to Hill. For the following reasons, we reverse and remand.
I.
The indictment alleges that, on or about May 22, 2015, Hill willfully caused bodily injury to C.T. because of C.T.’s actual and perceived sexual orientation in violation of § 249(a)(2). Additionally, the indictment charges that “in connection with the offense, ... Hill ... interfered with commercial and other economic activity in which C.T. was engaged at the time of the conduct, and which offense otherwise affected interstate and foreign commerce.” J.A. 5.[1]
Hill moved to dismiss the indictment, arguing that § 249(a)(2) is unconstitutional, both facially and as applied, as an invalid exercise of Congress’ power under the Commerce Clause. In deciding the motion, the district court considered facts provided by the parties that were not included in the indictment. Specifically, the court considered asserted facts relating to the government’s allegation that the assault affected interstate commerce. Ultimately, the court dismissed the indictment and concluded that § 249(a)(2) exceeds Congress’ legislative power as applied to Hill.[2]
II.
We start by recognizing two important presumptions. First, although the district court considered the proffered facts as true in deciding Hill’s pretrial motion, every defendant comes into court presumed to be innocent. Taylor v. Kentucky, 436 U.S. 478, 483, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). Additionally, every statute passed by Congress is presumed to be constitutional. United States v. Morrison, 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).
With these presumptions in mind, we review de novo the district court’s dismissal of the indictment. United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002). “[A] challenge to the sufficiency of the indictment ... is ordinarily limited to the allegations contained in the indictment,” and a court accepts the allegations as true. United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). Under Rule 12, “[a] district court may dismiss an indictment ... where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.” Id. (citation and internal quotation marks omitted).
Although the parties have presented and briefed novel and complex issues of constitutional law, this appeal is more appropriately resolved on a threshold issue. On its face, the indictment is legally sufficient *237 and does not present an unconstitutional exercise of Congressional power. In an attempt to satisfy § 249(a)(2)’s jurisdictional element, the indictment specifically alleges that Hill’s conduct had an effect on interstate commerce. Because this is an as-applied challenge, whether Hill’s conduct sufficiently affects interstate commerce as to satisfy the constitutional limitations placed on Congress’ Commerce Clause power may well depend on a consideration of facts, and because the facts proffered here may or may not be developed at trial, it is premature to determine the constitutional issues.[3] See Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 172 (4th Cir. 2009) (en banc) (An as-applied challenge is “based on a developed factual record and the application of a statute to a specific person[.]”); see also United States v. Terry, 257 F.3d 366, 373 (4th Cir. 2001) (King, J., concurring) (“The interstate commerce element of [18 U.S.C.] § 844(i) requires proof of a fact, and, in the ordinary course, it is subject to our review of the Government’s evidence in accordance with” a motion for a judgment of acquittal, not a pretrial motion.); United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir. 1994) (“An indictment that tracks the statutory language is ordinarily valid.” (quoting United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990))). Importantly, the complex constitutional issues presented may be avoided in this case, for instance, should the prosecution fail to result in a conviction.[4] See Harmon v. Brucker, 355 U.S. 579, 581, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958) (Courts have a “duty to avoid deciding constitutional questions presented unless essential to proper disposition of a case.”); see also Bell Atl. Maryland, Inc. v. Prince George’s Cty., Maryland, 212 F.3d 863, 866 (4th Cir. 2000) (determining that the district court committed reversible error by deciding constitutional questions in advance of considering state law questions that may dispose of the case).
We acknowledge that a court may look beyond the indictment where “the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.” United States v. Weaver, 659 F.3d 353, 355 n.* (4th Cir. 2011). However, in Weaver the issue was one of statutory interpretation and was “purely legal.” Id. Because the issue before this Court is an as-applied constitutional challenge, it involves questions of law and fact, and it is not prudent at this point to consider the extraneous facts, most of which were proffered by the government in an attempt to strengthen its case.[5] This determination is reinforced by the presumptions of innocence and consti *238 tutionality. Facts outside of an indictment should not be used to conclusively decide whether an element of a criminal offense is satisfied during a pretrial motion, and a Congressional statute should not be overturned on an incomplete record. Thus, we conclude that the district court erred when it dismissed the indictment.
III.
Accordingly, we reverse and remand with directions to reinstate the indictment.

REVERSED AND REMANDED

. Section 249(a)(2) contains a jurisdictional element, which requires the government to establish an appropriate and sufficient connection to interstate commerce as an element of the offense.

. Because the district court found the statute unconstitutional as applied, it did not rule on the facial challenge. See Bd. of Trustees of State Univ. of N.Y. v. Fox, 492 U.S. 469, 485, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989) (finding that courts should normally decide as-applied challenges first). The parties have not briefed the issue of whether the statute is facially valid. Therefore, we also decline to decide this issue.

. At this stage, it is sufficient for the government to allege that the jurisdictional element is satisfied. Whether the government presents facts within the constitutional limitations of Congress’ commerce power can only be answered after a proper factual context is established, e.g., at trial or in a formal stipulation, for such a determination.

. The government also presents an argument on appeal that was not directly before the district court: whether § 249(a)(2) is constitutional as applied under the Commerce Clause as a regulation of workplace conduct and discrimination. We believe the district court should consider this issue in the first instance.

.Additionally, the proffered facts fail to indicate the precise effect on interstate commerce that Hill’s actions may or may not have had. For example, the facts relating to the items not shipped because of the assault are based on Amazon benchmarks, not the specific facts of this case. See J.A. 37. These factual uncertainties must be resolved before a court can properly rule on Hill’s as-applied constitutional challenge, as the challenge involves determining whether Hill’s conduct substantially affected interstate commerce.