**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6272

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JOSE RAMOS-PEREZ,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:16-hc-02235-BR)

Submitted: November 30, 2017                    Decided: December 15, 2017

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Jennifer C. Leisten, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Robert J. Dodson, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court committed Jose Ramos-Perez (Ramos), a Mexican national, to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246 (2012). The court found that Ramos, who had been admitted to the Federal Medical Center in Butner, North Carolina for a mental health evaluation following his indictment for illegal reentry into the United States after removal, was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

A person may be committed to the custody of the Attorney General for medical, psychiatric, or psychological care or treatment if "after [a] hearing, the [district] court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The district court's finding that such dangerousness exists is a factual determination we will not overturn unless it is clearly erroneous. *United States v. LeClair*, 338 F.3d 882, 885 (8th Cir. 2003); *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992). We review issues of statutory interpretation de novo. *United States v. Weaver*, 659 F.3d 353, 356 (4th Cir. 2011).

On appeal, Ramos does not contest the district court's finding that he suffers from a mental disease or defect or argue that the Government failed to establish his resulting dangerousness. Rather, he challenges the district court's statutory interpretation of § 4246, arguing that his commitment involved improper extraterritorial application

2

because the court necessarily concluded that the requirement of "substantial risk of bodily injury to another person" applies to all persons, regardless of their geographical location. This is so, in Ramos' view, because he has an active Immigration and Customs Enforcement (ICE) detainer pending against him and thus will not be released into the United States but, rather, will be released into ICE custody and held for removal to Mexico.

We conclude after review of the record that the district court did not expressly find that Ramos' release would create a substantial risk of bodily injury to, or serious damage to the property of, a person outside of the United States. Although an immigration detainer is pending against Ramos, that detainer does not establish either present or future restraints by immigration officials on Ramos' liberty for the purpose of removing him to Mexico as he contends. *See Zolicoffer v. Dep't of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2003); *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995); *Galaviz Medina v. Wooten*, 27 F.3d 487, 492-93 (10th Cir. 1994); *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990) (per curiam); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Accordingly, Ramos' contention that the detainer precludes his presence in the United States upon release is not established. Having concluded that the district court did not give § 4246 extraterritorial effect, we decline Ramos' invitation to reach the issue of whether § 4246 applies extraterritorially. We also reject as without merit Ramos' alternative contention that the district court failed to make sufficient findings of fact and conclusions of law in support of its commitment decision.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*