# United States Court of Appeals
## For the First Circuit

No. 17-1975

UNITED STATES OF AMERICA,

Appellant,

v.

DANTE RODRÍGUEZ-RIVERA; JAVIER EFRAÍN SIVERIO-ECHEVARRÍA;
GEORGE D. ALCÁNTARA-CARDI; MARTHA NIEVES; JAVIER ANTONIO
AGUIRRE-ESTRADA; CARLOS MALDONADO-LÓPEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

Dennise N. Longo-Quinones, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Mainon A. Schwartz, Assistant United States Attorney, were on brief for appellant.
Ignacio Fernández de Lahongrais for Dante Rodríguez-Rivera.
Juan R. Rodríguez, with whom Rodríguez Lopez Law Offices, P.S.C. was on brief, for George D. Alcántara-Cardi.
José R. Gaztambide Añeses on joint brief for Martha Nieves.
Leonardo M. Aldridge on joint brief for Javier Siverio-Echevarría.

March 11, 2019

**KAYATTA**, **Circuit Judge**. A United States grand jury indicted three doctors and three employees of a durable medical equipment ("DME") supplier in Puerto Rico on counts of health care fraud and conspiracy to commit health care fraud, under 18 U.S.C. §§ 1347 and 1349, and aggravated identity theft under 18 U.S.C. § 1028A. The district court dismissed the aggravated identity theft counts because it agreed with the defendants that the facts alleged in the indictment did not adequately make out a case for aggravated identify theft. The government now appeals, contending both that the indictment's factual allegations, if true, describe an instance of aggravated identity theft and that, in any event, a motion to dismiss a grand jury indictment does not provide an occasion in this case for determining, over the government's objection, whether the facts alleged in the indictment are sufficient to establish the charged offense. Because we agree with the latter argument, we need not consider the former, and we reverse the order of dismissal.

## I.

The relevant portion of the indictment at issue identifies the events and conduct alleged to give rise to a crime as follows.

Medicare covers a beneficiary's access to reusable DME that is medically necessary and that is ordered by a licensed medical doctor or other qualified health care provider. Examples

of DME are motorized wheelchairs, hospital beds, oxygen concentrators, nebulizers, and surgical dressings. Medicare also covers certain DME accessories, such as adjustable wheelchair arm rests, safety belts, pelvic straps, reclining backs, seat cushions, and tire pressure tubes.

A DME supplier can submit a claim to Medicare in order to seek direct reimbursement for DME supplied to a beneficiary, but only if that beneficiary has assigned his or her right of payment to the DME supplier. When submitting a claim, the DME supplier must provide, among other things: (1) the beneficiary's name and Health Insurance Claim Number; (2) the name and identification of the physician or provider who ordered the DME; and (3) a description of the DME provided to the beneficiary.

The defendants are either physicians in Puerto Rico or employees of Equipomed, a Puerto Rican DME supplier. According to the indictment, from 2007 to 2013, the defendants engaged in a scheme to defraud Medicare. The alleged scheme was straightforward: (1) the defendant doctors wrote fraudulent prescriptions or medical orders for DME without beneficiaries' assent or knowledge and without even having examined the beneficiaries; (2) the Equipomed defendants then submitted fraudulent DME claims to Medicare; (3) Medicare paid the fraudulent claims; and (4) the defendants split the proceeds.

The indictment also identified the specific crimes alleged to have been committed by each defendant as a result of that conduct. In particular, it pointed to aggravated identity theft under 18 U.S.C. § 1028A(a)(1), which criminalizes the knowing "transfer[], possess[ion], or use[], without lawful authority, [of] a means of identification of another person" during and in relation to an enumerated list of felony violations. 18 U.S.C. § 1028A. Tracking the statute, the indictment explicitly charged the defendants with "knowingly transfer[ing], possess[ing] and us[ing], without lawful authority, a means of identification of another person" during and in relation to violations of 18 U.S.C. §§ 1347 and 1349, health care fraud and conspiracy to commit health care fraud, respectively.

The defendants moved, presumably under Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss the section 1028A counts. The government responded in opposition. The defendants argued that dismissal of the counts was warranted because the conduct alleged in the indictment did not sufficiently describe a "use" of a means of identification under section 1028A as defined by this court in United States v. Berroa, 856 F.3d 141, 156 (1st Cir.) ("In light of § 1028A's legislative history, as well as the limitless nature of the government's alternative construction, we read the term 'use' to require that the defendant attempt to pass him or herself off as another person or purport to take some other

action on another person's behalf."), cert. denied sub nom. Davila v. United States, 138 S. Ct. 488 (2017). The government objected to the idea that the sufficiency of its case should be evaluated by pretrial motion. It otherwise argued on the merits only that defendants "used" the means of identification of others.

The district court granted the defendants' motion and dismissed the section 1028A counts, holding that the defendants "submitted the reimbursement forms in their own names and for their own benefit" and did not submit the claim forms "as representatives of the beneficiaries nor for the benefit of the beneficiaries." This interlocutory appeal followed.

**II.**

Federal Rule of Criminal Procedure 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The defense that the indictment "fail[s] to state an offense" must be raised by pretrial motion when "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(v). For this reason, the district court was certainly correct to entertain such a pretrial motion claiming that the indictment failed to state a criminal offense.

The indictment, however, is on its face adequate to state an offense. Unlike a civil complaint that need allege facts that

"plausibly narrate a claim for relief," Germanowski v. Harris, 854 F.3d 68, 71 (1st Cir. 2017) (quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012), a criminal indictment need only "apprise the defendant of the charged offense," United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)), "so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense," id. (quoting United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011)).

Such is just what the government's superseding indictment did in this case. It fairly identified the defendants' conduct alleged to be a crime: the submission of specific, identified claim forms on specified dates falsely stating that a named beneficiary had received DME entitling that named beneficiary to reimbursement, and falsely indicating that the beneficiary had assigned his or her reimbursement right to a defendant. It also cited and tracked the statutory language said to make such conduct criminal. As a result, upon reading the indictment, each defendant knew both the specific offense with which he or she was charged and the specific conduct said to have constituted that offense. In this manner, the government sufficiently enabled the defendants to prepare defenses and

protect themselves against being twice put in jeopardy for the same offense.

In nevertheless dismissing the indictment, the district court did not question that § 1028A is a criminal offense, that the indictment recited its elements properly, or that the indictment identified the defendants' conduct said to have constituted the offense. Instead, at the defendants' behest and over the government's objection, the district court undertook to determine whether the conduct identified in the indictment could, as a matter of law, support a conviction for the charged offense of aggravated identity theft. Among other things, the district court ruled that no facts were alleged showing that the defendants "submit[ted the] claim forms as representatives of the beneficiaries."

That ruling presumes that a Rule 12(b) motion provides an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense. It does not. As we said in Stepanets (issued after the district court's decision in this case), "the government need not recite all of its evidence in the indictment." 879 F.3d at 372 (quoting United States v. Innamorati, 996 F.2d 456, 477 (1st Cir. 1993)); see also United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000) ("The government is entitled to marshal and present

its evidence at trial, and have its sufficiency tested by a motion for acquittal . . . .").

As this court recently held, under Rule 12(b)(1), "a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Musso, 914 F.3d 26, 29-30 (1st Cir. 2019) (citing United States v. Weaver, 659 F.3d 353, 355 n* (4th Cir. 2011)). No circuit, though, allows such a review on an incomplete or disputed factual record. Nor do the defendants point us to any case in which a circuit court blessed a requirement that the government complete the factual record prior to trial.

The district court in this case apparently regarded the factual record as complete and undisputed. The government has never so conceded. The claim forms said to constitute the use of other persons' names, dates of birth, and claim numbers are not in the record. Nor is there any evidence concerning how Medicare interprets such forms. The indictment alleges that the claim form must be read as a statement that the identified beneficiary has assigned his or her benefit claim to one of the defendants. Whether such a transfer of rights somehow also connotes permission to act on behalf of the assignor is unclear on the limited record as it now stands, as is whether the conduct alleged constitutes a

requisite transfer or possession of the beneficiaries' personal identifying information.  We tender no opinion as to whether the prosecution will turn out to have enough evidence to secure a conviction.  We do hold that the proceedings as they now stand provide no occasion for determining whether the government's proof is sufficient to sustain a conviction.  And the record here lacks any agreed upon completeness.

## III.

For the foregoing reasons, we reverse the district court's dismissal of the section 1028A aggravated identify theft counts, and remand for further proceedings in accordance with this opinion.