**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5255**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARROL LEE OWENS,

        Defendant - Appellant.

**No. 08-8361**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARROL LEE OWENS,

        Defendant - Appellant.

**No. 08-8429**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARROL LEE OWENS,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00025-LHT-1)

---

Submitted:  November 23, 2009      Decided:  December 31, 2009

---

Before KING, DUNCAN, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Faith S. Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant.  Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carrol Lee Owens pled guilty to Count 8, bank fraud in violation of 18 U.S.C. §§ 1344, 2 (2006), and Count 9, fraud with identification documents, in violation of 18 U.S.C.A. § 1028(A) (West 2000 & Supp. 2009) and 18 U.S.C. § 2 (2006). He was sentenced to twenty-four-month sentences for each violation, to be served consecutively, for a total sentence of forty-eight months. On appeal, counsel has raised two issues: First, whether Owens' waiver of counsel was knowing and voluntary and second, whether the district court erred by denying Owens' motion to substitute counsel. Owens has filed a pro se supplemental brief listing two additional issues. Owens first alleges that the district court erred by denying his motion to withdraw his plea agreement. In his remaining issue, Owens argues that the district court erred by denying his motion to dismiss the indictment and motion to strike surplusage from the indictment. For the reasons that follow, we affirm.

We find no error in the district court's decision to allow Owens to waive his right to counsel and proceed pro se. See United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997) (giving review standard). A review of the record reveals that Owens knowingly and voluntarily waived his right to counsel. United States v. Gallop, 838 F.2d 105, 110-11 (4th Cir. 1988). Neither do we find that the district court abused

its discretion when it denied Owens' motion to substitute counsel, made the day after Owens informed the court he was willing and able to represent himself better than his appointed counsel. See United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994) (stating review standard).

Owens' pro se issues are also lacking. Owens fails to show that the district court abused its discretion in denying his motion to withdraw his plea agreement. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (providing review standard). Finally, we find no reversible error in the district court's denial of Owens' motion to dismiss his indictment and motion to strike surplusage from the indictment. The indictment informed Owens of the crimes for which he was being prosecuted and we discern no grounds for dismissal. Fed. R. Crim. P. 7(c)(1); see United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). As found by the district court, Owens failed to identify irrelevant and prejudicial allegations as would be needed in a motion to strike surplusage from an indictment. See Fed. R. Crim. P. 7(d). Owens has failed to show that the district court abused its discretion in denying the motions. United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006) (discussing review standard and legal analysis); United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979) (same).

4

Accordingly, we affirm Owens' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED