**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4689**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK FITZGERALD SWEENEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. James K. Bredar, District Judge.
(8:10-cr-00271-JKB-1)

Submitted: July 16, 2013        Decided: June 3, 2014

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William C. Brennan, Jr., William A. Mitchell, Jr., BRENNAN
MCKENNA MANZI SHAY LEVAN CHARTERED, Greenbelt, Maryland, for
Appellant. Rod J. Rosenstein, United States Attorney, Deborah
A. Johnston, Arun Rao, Assistant United States Attorneys,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Fitzgerald Sweeney appeals his convictions for possession with intent to distribute heroin (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2012); distribution of heroin on March 23, 2009, resulting in death (Count 2), in violation of § 841(a)(1); use of a cell phone to facilitate the March 23 distribution of heroin (Count 3), in violation of 21 U.S.C. § 843(b) (2012); and use of a cell phone to facilitate the distribution of heroin from on or about February 16, 2009, to March 10, 2009 (Count 5), and in December 2008 (Count 7), in violation of § 843(b). On appeal, Sweeney asserts that the district court abused its discretion by denying his motion to sever and by refusing to strike a portion of the Government's rebuttal argument.[*] We affirm.

Sweeney argues that the district court erred by denying his motion to sever Counts 1-3 from the remaining counts because the counts were not related. Two or more offenses may be charged in the same indictment when the offenses "are of the

---

[*] We granted Sweeney's motion to hold this appeal in abeyance pending the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014), and, after Burrage issued, we gave Sweeney the opportunity to assert a claim based on that decision. By failing to pursue a claim under Burrage after receiving notice of his right to do so, Sweeney has waived any such claim. See United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.").

same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Joinder of multiple charges involving the same statute "is an unremarkable example of offenses of the same or similar character." United States v. Hawkins, 589 F.3d 694, 702-03 (4th Cir. 2009) (internal quotation marks omitted). In determining whether charges are based on the same transaction or are part of a common plan, "[w]e have interpreted the . . . rule flexibly, requiring that the joined offenses have a logical relationship to one another." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (internal quotation marks omitted). After our de novo review, we conclude that, here, the joinder of the offenses was proper under Rule 8(a). See United States v. Mouzone, 687 F.3d 207, 219 (4th Cir. 2012) (stating standard of review), cert. denied, 133 S. Ct. 899 (2013).

Sweeney next asserts that having the counts tried together prejudiced him. "To successfully challenge the district court's refusal to sever under [Fed. R. Crim. P.] 14(a), [Sweeney] faces the daunting task of demonstrating that there was a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." United States v. Blair, 661 F.3d 755, 770 (4th Cir. 2011) (internal quotation marks omitted). After a thorough

3

review of the record on appeal, we conclude that the district court did not abuse its discretion in denying the motion to sever because the evidence on each count was overwhelming and easily segregated and the joint trial did not hinder Sweeney's ability to testify. See United States v. Dinkins, 691 F.3d 358, 367 (4th Cir. 2012) (stating standard of review), cert. denied, 133 S. Ct. 1278 (2013); see also Blair, 661 F.3d at 770 (holding that defendant failed to demonstrate clear prejudice required for severance); United States v. Caver, 470 F.3d 220, 238 (6th Cir. 2006) ("[J]uries are presumed capable of sorting evidence and separately considering each count.") (internal quotation marks omitted); United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) (discussing evidence needed to establish clear prejudice to right to testify).

Finally, Sweeney argues that the district court erred by refusing to strike an allegedly improper portion of the Government's rebuttal argument. Reversal based upon improper conduct by the prosecutor is merited when "the remarks were, in fact, improper[] and . . . so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Chong Lam, 677 F.3d 190, 209 (4th Cir. 2012) (internal quotation marks omitted); see United States v. Wilson, 624 F.3d 640, 656-57 (4th Cir. 2010) (discussing factors courts consider in determining whether prejudice exists). Assuming,

4

without deciding, that the prosecutor's comment was improper, Sweeney cannot establish prejudice. We therefore conclude that the district court did not abuse its discretion in refusing to strike the contested material. See United States v. Green, 599 F.3d 360, 379 (4th Cir. 2010) (stating standard of review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED