REBECCA BEACH SMITH, CHIEF JUDGE
*491 On May 4, 2017, a Criminal Indictment was filed as to the Defendant, Scott Miserendino. ECF No. 1. The Indictment charged the Defendant with three (3) counts: (1) Conspiracy, in violation of 18 U.S.C. § 371 ; (2) Receipt of a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2) ; and (3) Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1346. Id. The Defendant was arraigned on June 2, 2017, and entered a plea of not guilty. ECF No. 9. On July 31, 2017, this court set a trial date for February 20, 2018. ECF No. 12. The court further set the deadline for the filing of motions in this matter at November 1, 2017. ECF No. 15.
This matter currently comes before the court on the Defendant's Motion to Suppress Statements ("Motion to Suppress"), filed through counsel on October 31, 2017, ECF No. 17, with accompanying exhibits, ECF Nos. 18, 19, as well as the Defendant's Motion to Dismiss the Indictment, or in the Alternative, to Sever Count 2 from Counts 1 and 3 ("Motion to Dismiss/Sever"), filed through counsel on November 1, 2017. ECF No. 20. On November 14, 2017, the government filed a Response in Opposition to the Motion to Suppress, ECF No. 21, and a Response in Opposition to the Motion to Dismiss/Sever. ECF No. 22. The Motions are ripe for review.
I. Motion to Suppress
In the Motion to Suppress, the Defendant argues that he was subject to custodial interrogation without being advised of his Miranda rights, and therefore, that his statements made to police during this questioning should be suppressed as a violation of the Fifth Amendment Self-Incrimination Clause. Mot. to Suppress at 1, ECF No. 17.[1] The Defendant further requests a hearing on this matter. Id. Having reviewed the matter, the court WITHHOLDS RULING on the Motion to Suppress and GRANTS the Defendant's request for a hearing.
II. Motion to Dismiss/Sever
A. Dismissal of the Indictment
The Defendant's Motion to Dismiss/Sever alleges that, under Federal Rule of Criminal Procedure Rule 12 (" Rule 12"), "the Indictment fails to state a bribery offense in violation of 18 U.S.C. § 201(b)(2)." Mot. to Dismiss/Sever at 1. Therefore, the Defendant argues that the Indictment should be dismissed. Id. at 1-2. Dismissal of an indictment is authorized by Rule 12, if its allegations cannot support a charge for the offense alleged. United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000). According to Rule 12, an indictment "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002). "A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution.' " United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *492 United States v. Snipes, 611 F.3d 855, 866 (11th Cir. 2010) ). However, in determining whether to dismiss an indictment, the court "lack[s] authority to review the sufficiency of evidence supporting an indictment." United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003) ; see also United States v. Sampson, 371 U.S. 75, 78-79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962) ; Engle, 676 F.3d at 415 ; DeLaurentis, 230 F.3d at 661.
Thus, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (citations omitted); see also United States v. Owens, 358 Fed.Appx. 468, 469 (4th Cir. 2009). Further, "the language of the statute ... must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence ... with which he is charged." Hamling, 418 U.S. at 117-18, 94 S.Ct. 2887 (quoting United States v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516 (1888) ). The Defendant, in challenging the sufficiency of the Indictment, must "demonstrate that the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004) (citing United States v. Hooker, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (en banc)).
In this case, the Defendant contests that the conduct specified in the Indictment does not constitute "official acts" within the bribery statute, based on the Supreme Court's recent interpretation of that statute in McDonnell v. United States, --- U.S. ----, 136 S.Ct. 2355, 195 L.Ed.2d 639 (2016). Mot. to Dismiss/Sever at 1, ECF No. 20. McDonnell established two requirements for an "official act" for the purpose of 18 U.S.C. § 201 :
First, the Government must identify a "question, matter, cause, suit, proceeding or controversy" that "may at any time be pending" or "may by law be brought" before a public official. Second the Government must prove that the public official made a decision or took an action "on" that question, matter, cause, suit, proceeding, or controversy, or agreed to do so.
McDonnell, 136 S.Ct. at 2368 (quoting 18 U.S.C. § 201(a)(3) ).
While McDonnell did narrow the meaning of "official act" for purposes of 18 U.S.C. § 201, this new statutory interpretation does not categorically place the Defendant's conduct outside the scope of the law. The actions alleged in the Indictment, if proven, may constitute "official acts," for purposes of 18 U.S.C. § 201, and thus may be sufficient to establish a conviction for Receipt of a Bribe by a Public Official. Ultimately, the conduct alleged may be factually sufficient to support a conviction at trial, and thus the Indictment sufficiently charges an offense.[2]
Determining the factual sufficiency of the evidence is a question for the jury. See McDonnell, 136 S.Ct. at 2371 ("It is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an 'official act' at the time of the alleged quid pro quo."). This court cannot say, as a matter of statutory interpretation, that the Indictment does not sufficiently allege the crime of Receipt of a Bribe by a Public Official, in violation *493 of 18 U.S.C. § 201(b)(2), as interpreted by the Court in McDonnell. Proving these charges beyond a reasonable doubt is the government's responsibility, at trial. Thus, this court FINDS that the Indictment "contains the elements of the offense charged and fairly informs [the Defendant] of the charge against which he must defend." Hamling, 418 U.S. at 117, 94 S.Ct. 2887. Further, the Indictment "enables [the Defendant] to plead an acquittal or conviction." Id. Accordingly, the court DENIES the Defendant's Motion to Dismiss.
B. Severance of Count Two
Alternatively to dismissal of the Indictment, the Defendant requests that the court sever Count Two of the Indictment, Receipt of a Bribe by a Public Official, from Counts One and Three, Conspiracy and Honest Services Mail Fraud, respectively. Mot. to Dismiss/Sever at 16. Federal Rule of Criminal Procedure 8 (" Rule 8") permits the joinder of separate counts, when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a) ; see also United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976). However, Federal Rule of Criminal Procedure 14 (" Rule 14") states that "the court may order separate trials of counts," if "the joinder of offenses ... in an indictment ... appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).
When two or more offenses are joined for trial based on the theory that the offenses "are of the same or similar character," Fed. R. Crim. P. 8(a), there are three possible sources of prejudice:
[w]hich may justify the granting of a severance under Rule 14 : (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.
Foutz, 540 F.2d at 736 (citations omitted).
In contrast, when offenses are joined under Rule 8 because they "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," Fed. R. Crim. P. 8(a), "it is manifest that evidence of one offense would ordinarily be admissible at a separate trial for the other," Foutz, 540 F.2d at 737. Thus, in such a case "it follows that a defendant will not suffer any additional prejudice if the two offenses are tried together." Id. at 736.
The government alleges that the counts "in the Indictment in this case were joined under [ Rule 8 ] because they are part of a common scheme or plan." Resp. in Opp'n to Mot. to Dismiss/Sever at 10, ECF No. 22. Counts One through Three all involve alleged agreements and relationships between the Defendant, Joseph Allen, "Company A," and "Company M," whereby the Defendant allegedly received commissions in exchange for taking specific actions to benefit those individuals and companies. See Indictment ¶¶ 14-45 (explaining the alleged overt acts underlying the charged criminal violations).
"In determining whether charges are based on the same transaction or are part of a common plan, '[the Fourth Circuit has] interpreted the ... rule flexibly, requiring that the joined offenses have a logical relationship to one another.' " United States v. Sweeney, 574 Fed.Appx. 282, 283 (4th Cir. 2014) (per curiam) (quoting *494 United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) ). The facts underlying Count One, Conspiracy, and Count Two, Receipt of a Bribe by a Public Official, involve related alleged transactions and agreements. Thus, there is a logical relationship between Count One and Count Two. Further, in order to prove Count Three, Honest Services Mail Fraud, the government must prove that an "official act" occurred; this burden is also required for the government to prove Count Two. Indeed, the Court's statutory interpretation of "official act" in McDonnell related to honest services fraud, not bribery. McDonnell, 136 S.Ct. at 2365 ("The parties agreed that they would define honest services fraud with reference to the federal bribery statute, 18 U.S.C. § 201."). Thus, the government must prove that an "official act" occurred for both Count Two and Count Three, using the same definition from 18 U.S.C. § 201(a)(3). Accordingly, there is a logical relationship between Count Two and Count Three. With a logical relationship between all Counts, the court FINDS that the Counts are properly joined under Rule 8 as part of a common scheme or plan.
Nonetheless, the Defendant alleges that prejudice would occur, if Count Two remains joined with Counts One and Three. In this regard, the Defendant claims: (1) the government must "overcome the overinclusiveness and ambiguity found throughout the Indictment in order to establish that any bribery conduct" occurred; (2) "if the counts are not separated, the charges of conspiracy and honest services fraud runs [sic] the risk of confusing the jury" (3) "the cumulation of the evidence ... would not only challenge the government's ability to properly segregate the specifics of each Count, but also would require a degree of mental gymnastics that could easily overwhelm the jury's ability to segregate each specific allegation," and associated evidence; and (4) "putting the conspiracy and honest services fraud Counts before the jury without first addressing the government's burden to ... establish any bribes certainly presents an unnecessary risk that the jury would find Mr. Miserendino guilty of bribery based upon misguided perceptions of criminal disposition," based on Counts One and Three. Mot. to Dismiss/Sever at 17-18.
With regard to the Defendant's first ground of prejudice, the government has the burden at trial to prove beyond a reasonable doubt that the evidence is sufficient to support a conviction. See In re Winship, 397 U.S. 358, 363-64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Any "overinclusiveness" and "ambiguity" that the Defendant alleges in the Indictment can be tested at trial via the government's introduction of evidence. It does not prejudice the Defendant in such a way as to necessitate severance in the way Rule 14 contemplates. With regard to the Defendant's second ground of prejudice, the government will be required at trial to prove an "official act" occurred for both honest services fraud and bribery. See McDonnell, 136 S.Ct. at 2365. This overlap in the statutory definition of "official act" means that there is little risk of confusing the jury regarding the evidence required for each count. The jury will be instructed by the court to consider each count separately, and the evidence pertaining thereto, as well there will be separate jury instructions for each count and the elements for which proof is required beyond a reasonable doubt.
With regard to the Defendant's third ground of prejudice, all three charges relate to alleged transactions that are connected as part of a common scheme or plan, pursuant to Rule 8. There is no evidence or reasoning presented that the "cumulation of evidence," Mot. to Dismiss/Sever at 17, with which the Defendant is concerned would occur. The relatedness *495 of the conduct charged makes joinder proper, and supersedes any risk of prejudice that may arise from the jury's supposed inability to segregate the Counts and corresponding evidence, as the Defendant alleges. Lastly, with regard to the Defendant's fourth ground of prejudice, the Counts are joined because they "constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a) ; see supra pp. 493-94. As such, evidence of one Count "would ordinarily be admissible at a separate trial for the other." Foutz, 540 F.2d at 737. The Fourth Circuit has established that no additional prejudice to a defendant results from such counts being tried together. See id. at 736.
Therefore, the Defendant has failed to allege sufficient prejudice resulting from the joinder of these Counts, such that severance under Rule 14 is necessary. "It is not enough for the defendant to show that severance offers him 'a better chance of acquittal.' " Cardwell, 433 F.3d at 387 (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) ). Instead, the Supreme Court has recognized that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (quoted by Cardwell, 433 F.3d at 387 ). Accordingly, the court DENIES the Defendant's Motion to Sever.
III. Conclusion
The court WITHHOLDS RULING on the Defendant's Motion to Suppress and GRANTS the Defendant's request for an evidentiary hearing. Further, the court DENIES the Motion to Dismiss/Sever, both as to the Motion to Dismiss and, in the alternative, the Motion to Sever.
The Clerk is DIRECTED to forward a copy of this Memorandum Order to the counsel for the Petitioner and to the United States Attorney at Norfolk.
IT IS SO ORDERED.

The Defendant filed the statements he made to police, along with the Motion to Suppress, as Exhibit B. Def. Ex. B., ECF No. 19.

In essence, the Defendant is arguing that the facts alleged in the Indictment are insufficient to support a conviction for the charges against him. Such an argument is not properly brought as a motion to dismiss the indictment. See United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) ; United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003).